UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE SWAIN**

**14 CV 4084**

----------------------------------------------------------------

ERICA NOONAN,

Plaintiff,

--against--

**COMPLAINT AND
JURY DEMAND**

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT OFFICER CARLOS BECKER, SHIELD
#25985, Individually and in his official capacity as a New York
City Police Officer and "JOHN DOES", names being fictitious
intended to be New York City Police Officers, individually and
in their official capacities as New York City Police Officers,

Docket No.:

RECEIVED
JUN 05 2014
U.S.D.C. S.D.N.Y.

Defendants.

-----------------------------------------------------------------------X

Plaintiff ERICA NOONAN, (hereinafter "Plaintiff"), by and through her attorneys,

DRUMMOND & SQUILLACE, PLLC, states upon information and belief as follows:

## INTRODUCTION

1.       This is an action seeking compensation and damages pursuant to 42 U.S.C. §§ 1983,

1986 ,1988, and the Eight Amendments to the United States Constitution and, the Constitution and

the laws of the State of New York as well as for claims of tortuous acts, conduct and deliberate

indifference of the above named Defendants, their agents, servants, employees, licensees,

contractors, subcontractors, police officers, officers, employees and/or other affiliates agencies and

departments in that they intentionally, maliciously, recklessly and with deliberate indifference to

human life, each acting in concert with the other and each acting under the color of the law, violated

Plaintiff's rights herein by wrongful and unlawful conduct including, but not limited to: unlawful use

of excessive force, negligent hiring, negligent retention, negligent training, assault, battery, false

imprisonment, sexual assault, sexual battery, sexual misconduct, harassment, sexual harassment,

1

rape, defamation, slander, libel, false arrest, false/malicious prosecution, abuse of authority, harassment, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, negligence, negligent hiring, negligent training, negligent retention, negligent supervision, failure to intercede/stop/prevent, negligent/failure to discipline, intentional and/or negligent infliction of emotional distress, violation of civil rights, intentional and/or negligent infliction of cruel and unusual punishment, gross negligence, official misconduct, failure to/negligent monitoring of employees/police officers, failure to/negligent monitoring of employees/police officers with dangerous and/or violent propensities, causing, fostering, creating and/or allowing for dangerous/violent employees/police officers to harm citizens and/or deprive citizens of their safety, liberty, civil rights and their right to be free from false arrest, false imprisonment, false prosecution, assault, battery, sexual assault, sexual battery, rape, abuse of position/employment, title, rank and shield, *respondeat superior* and/or punitive damages committed against and sustained/suffered by Plaintiff ERICA NOONAN as a direct and proximate result of the Defendants' acts, conduct, omissions, negligence, intentional acts/omissions, recklessness, gross negligence, deliberate indifference in violation of Plaintiff's Federal and State rights herein.

## JURISDICTION

2.    This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Eighth Amendment to the United States Constitution, and, the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

3.   Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391, 1391 (b).

## NOTICE OF CLAIM

4.   Plaintiff, in furtherance of her causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50 in response to which, on or about December 19, 2013, the City of New York conducted a hearing pursuant to General Municipal Law Section 50H.  Annexed hereto as Exhibit "A" is a copy of same Notice of Claim.

5.   More than 30 days have elapsed since service of said Notice of Claim and the conducting of Plaintiff's 50H hearing and, to date, the City of New York has failed to pay or adjust the Plaintiffs claim.

6.   This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## PARTIES

7.   Plaintiff, ERICA NOONAN, is a lawful resident of the United States and the State of New York.

8.   That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

9.   That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

18.   That at all times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer of Defendants New York City Police Department Officer Carlos Becker, Shield #25985 and "John Does", names being fictitious intended to be New York City Police Officers, individually

3

and in their official capacities as New York City Police Officers.

10.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT is the public employer of Defendants New York City Police Department Officer Carlos Becker, Shield #25985 and "John Does", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers.

12.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT OFFICER CARLOS BECKER, Shield #25985, (hereinafter "Defendant Becker") is an agent, employee, licensee, servant, police officer, officer of the Defendants the City of New York and the New York City Police Department.

13.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendant herein in the following subparagraphs is sued in his individual and official capacity; acted under color of law and within the scope of his employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

a.     Defendant, New York City Police Department Officer Carlos Becker, Shield #25985, was, at all relevant times, a Police Officer with/of the New York City Police Department.

14.     That at all times herein mentioned, Defendant, the City of New York, owned, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department, New York City Police Department Officer Carlos Becker, Shield #25985 and

4

"John Does", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers.

15.     Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER CARLOS BECKER, SHIELD #25985 and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers, are agents, servants, licensees, police officers, officers and/or employees of Defendants who, at all times herein mentioned, acted in their individual capacities and/or acted within the scope of their employment and under the color of law.

## FACTUAL AND GENERAL ALLEGATIONS

16.     That on or about March 11, 2013, while Plaintiff ERICA NOONAN was lawfully inside her vehicle lawfully travelling on the public street/roadway, Defendant Becker, Shield #25985, Individually, and in his official capacity as a New York City Police Officer, and "John Does", names being fictitious intended to be New York City Police Officers, acting under the color of law, without a warrant and without probable cause, unlawfully and forcibly stopped, detained, arrested and imprisoned Plaintiff ERICA NOONAN.

17.     That on or about March 11, 2013 when Defendant Becker unlawfully and forcibly stopped and detained Plaintiff, acting under color of law and while in the scope, power, trust and authority of his employment as a New York City Police Officer, Defendant Becker, as he handcuffed Plaintiff and placed her under arrest, told Plaintiff, in sum and substance, that she looked prettier in person than she did in her car and as Plaintiff started to cry, Defendant Becker stated, in sum and substance: "Don't worry, I got you" and walked her to his squad car.

5

18.     That on or about March 11, 2013, Defendant Becker, acting under the color of law and within the scope, power, trust and authority of his employment as a New York City Police Officer, while placing Plaintiff in the back seat of his squad/patrol car, put his hands on her breast, holding/cupping/touching/covering     Plaintiff's     left     breast     and     ignored     Plaintiff's demand/request/instruction/cry out for Defendant Becker not to touch her.

19.     That on or about March 11, 2013, once Defendant Becker and "John Does" took Plaintiff back to the police precinct to book and process her, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, took Plaintiff to the precinct bathroom, forced her to keep the bathroom door open while she used same and watched/looked at Plaintiff a she used said bathroom.

20.     That on or about March 11, 2013, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, while in the course and scope of booking and processing Plaintiff's arrest and, in particular, fingerprinting Plaintiff, told Plaintiff, in sum and substance, not to worry about losing her job with the City of New York because he will make sure that she did not lose her job and that, as the main officer, Defendant Becker would take care of it.

21.     That on or about March 11, 2013, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, while he held Plaintiff in the holding room/cell at the precinct, repeatedly told/said to Plaintiff, in sum and substance that Plaintiff could not be all white/Caucasian because, according to Defendant Becker, Plaintiff has "...an ass like a Hispanic or black woman." That, while acting

6

under color of law, while in uniform and conducting/performing the arrest processing of Plaintiff, for his own personal and/or sexual gratification, Defendant Becker video recorded Plaintiff, her body, her lower body and her buttocks while she was being booked and processed and focused/zoomed in the recording on her buttocks.

22.     That on or about March 11, 2013, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, before transporting Plaintiff to Central Booking, took Plaintiff's pen out of her jacket, a pen bearing the name and address of the City school where Plaintiff worked, acknowledged that he then knew where she worked and with same pen, wrote down his personal telephone number on a piece of paper and gave same to Plaintiff telling her, in sum and substance: "…Call me. Like I told you before, I can help you out. I will speak to the district attorney for you."

23.     That implied from Defendant Becker's foregoing repeated comments for Plaintiff to call him because he can help her out and that he is the main person who can help her with her case, and perceived by Plaintiff to be implied by same, was that if Plaintiff did not call him, he not only would not help her with her case but would seek to punish, retaliate and/or seek revenge even further against her.

24.     That on or about March 11, 2013, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, accompanied and remained with Plaintiff at/to Central Booking where he told Plaintiff, in sum and substance, that he would leave her $50.00 so she could get home after

7

everything was done regarding her arrest and emphasized to her that he was the key person who could "make or break" her going to jail so she should call him.

25.     That on or about March 11, 2013, Defendant Becker, while acting under the color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, while with Plaintiff at the police precinct, gave Plaintiff his personal cellular telephone so that Plaintiff could make a phone call to advise someone that she had been arrested. That Plaintiff called her boyfriend from Defendant Becker's phone and, when her boyfriend did not answer the phone call, Defendant Becker told Plaintiff, in sum and substance, that her boyfriend did not care for her and if it was his girlfriend or wife, he would be calling the hospital by now to see if something bad had happened.

26.     That on or about March 11, 2013 to March 12, 2013, Plaintiff was subsequently arraigned as a criminal Defendant in Bronx County criminal court and charged with Driving While Intoxicated ("DWI"), a misdemeanor and related charges; marking Plaintiff's first arrest and contact with the criminal justice system. *Annexed hereto and made a part hereof as Exhibit "B" is a copy of the criminal court complaint.*

27.     That Plaintiff, upon being released from arraignment, retained the legal services of a private criminal defense attorney to defend her against the foregoing criminal charges.

28.     Based upon information and belief, Plaintiff informed her criminal defense attorney at that time of Defendant Becker's foregoing actions, conduct and comments and further informed same attorney that Defendant Becker gave her his personal telephone number and told her to call him

8

as he could, as the main officer involved, help her out with her criminal case and talk to the district attorney for her.

29.     That upon advice of/from her criminal defense attorney at that time, who was representing Plaintiff on the criminal case in Bronx County stemming from Defendant Becker's March 11, 2013 arrest of Plaintiff on charges of DWI, Plaintiff subsequently engaged in text message communication with Defendant Becker from on or about March 14, 2013 to on or about March 22, 2013.

30.     That Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, during the course of these text messages by and between Defendant Becker and Plaintiff, repeatedly asked Plaintiff out and, when Plaintiff hesitated or changed the subject or avoided responding, Defendant Becker reasserted his position as the arresting/main officer on her case who could help her out and "talk to the DA" about the charges against her. *Annexed hereto and made a part hereof as Exhibit "C" are copies of the 564 text messages between Defendant Becker and Plaintiff.*

31.     That, in particular, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, on March 14, 2013, texted Plaintiff to call him and when she did, Defendant Becker told Plaintiff that he was going to talk to the district attorney for her. See Exhibit "C", *supra*.

32.     That Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, in addition to contacting her late at night, further sent her pictures of himself, asked her to

9

text him her license number so that he could check to see if her license was suspended, confirmed that her license was not suspended and continued to ask her out and persist on her going out with him. See Exhibit "C", *supra*.

33.    That Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, asked her if she felt like getting wasted with him, told her that they should go to Atlantic City and gamble together, repeatedly continued to tell her to call him and continued to call her to try and speak to her. See Exhibit "C", *supra*.

34.    That, in particular, on March 16, 2013, in response to Plaintiff texting to Defendant Becker that she was depressed because she was going to be suspended from work without pay, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "I'm going to talk to the district att on Monday... Don't worry I got u". Defendant Becker further texted Plaintiff on same date: "Text me ur lawyers name.. I will pick u up and ur license isn't suspended yet I check". See Exhibit "C", *supra*.

35.    That, in particular, on March 16, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "...I just got off the phone with ed macarin, he's one of the director for the board of ed. He's going to look into for me on Monday but he said it's impossible to get fired from ur job for first time offense...I'm trying all my resources for u.  I was going to call u with him on the phone but he didn't want to talk on the job phone. Plus I'm going to

10

speak to the attorney on Monday... All of this talking now I seriously need to go out". See Exhibit "C", *supra.*

36.     That, in particular, on March 19, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "I tried to see u over the weekend because I desperately wanted to go out...I been trying to see u...Wanted to spend sometime with u...It's to bad ur not single because I would date u in a heart beat... I definitely want to see u...Can u send me a pic...Did u get my pic..." See Exhibit "C", *supra.*

37.     That, in particular, on March 19, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "...Do u have a lot of bills...meaning if u don't get paid for a month do u have a lot of bills to pay...Gotcha. Well I will help u out...Have no fear carlito is here!!!...I got u so stop tripping...I say let's watch a scary movie tonight and while we are watching it I will cook u food for work tomorrow...I want to start something serious with u...a relationship...I'm making u up a special shield for ur wallet tomorrow...It's a mini shield u carry on U...like the shield on my shirt but smaller...I want to spend time with you...I think you know I like u..." See Exhibit "C", *supra.*

38.     That, in particular, on March 20, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "I wanted to bring u a dozen of flowers...I want to spend time with you are you interested?...I like u and I just want u to be honest with me...Can I

11

come by…Hang out with u for a few…U know I want u…I want u to be my girl…I want to see u tomorrow…" See Exhibit "C", *supra*.

39.    That, in particular, on March 21, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "Do u have plans tomorrow?...What time is court?...I was thinking after court we go out to eat…Do u want to have dinner tomorrow…Do u want to go out for dinner tomorrow night…" See Exhibit "C", *supra*.

40.    That, in particular, on March 22, 2013, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, via text message to Plaintiff, told Plaintiff: "Do you want me to meet you at the court…Do u want me to pick u up and give u a ride…Plus we can get lunch and I will take u to work…Plus I still have ur flowers here…I wanted to take u out to eat or dinner…I took the flowers out of the bag and put them into a vas…So are we on for dinner…I wanted to take u to the cheese cake factory…Do u wanna hang?..." See Exhibit "C", *supra*.

41.    That, in addition to the foregoing and related text messages between Defendant Becker and Plaintiff, Defendant Becker repeatedly called Plaintiff and during these conversations told Plaintiff that he would talk to the district attorney to get the case dropped.

42.    That, based upon information and belief, upon advice of/from her then criminal defense attorney, and with said attorney knowing of same, Plaintiff agreed to meet with Defendant Becker on or about March 24, 2013 to discuss her case and Defendant Becker's promises to speak to the district attorney and help her out with her case to get her case dropped.

43.     That, to that end, on or about March 24, 2013, Plaintiff met with Defendant Becker who took her to a sushi restaurant.  When Plaintiff told Defendant Becker that she wanted to go home from the sushi restaurant, Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, told Plaintiff, in sum and substance: Let's go to another spot…we never got to really discuss how I can help you with this situation".

44.     That based upon Defendant Becker's foregoing comment, in addition to his prior statements/comments to her at the police precinct, Central Booking, via text message and on the phone with her prior to March 24, 2013, implied from Defendant Becker's foregoing comment about not yet really discussing how he could help her if she were to go home, and perceived by Plaintiff to be implied from same, was that, if Plaintiff were to go home, not only would he not help her with her case, but he would, as the arresting officer/main officer on her case, but would seek to punish, retaliate and/or seek revenge even further against her.  That, as such, Plaintiff felt obligated, forced, coerced and/or under duress to go with Defendant Becker.

45.     Based upon information and belief, on or about March 24, 2013, after leaving the sushi restaurant, Defendant Becker took Plaintiff to a bar/lounge known to Plaintiff that was in the direction of her home/apartment.

46.     Based upon information and belief, while at this bar/lounge with Defendant Becker, acting under color of law and within the scope, power, trust and authority of/with his employment as a New York City Police Officer, told Plaintiff, in response to Plaintiff's inquiry as to how he was

13

going to help her with her case, in sum and substance: "Give it a little time and I will let you know exactly how."

47.     That while at this bar/lounge with Defendant Becker, Plaintiff, after consuming a drink ordered by Defendant Becker for her, went to the bathroom as she began to feel groggy and heavy. When she returned, she sat back at the table, began to feel more groggy, her eyes felt heavy and she began to go in and out of consciousness/sleep.

48.     That, while going in and out of consciousness/sleep, Plaintiff awoke/regained consciousness to realize that Defendant Becker was bringing her to/putting her in his car and rested her head against the window; then she woke to flashing lights and she saw some sort of bridge; then she woke to Defendant Becker taking her out of his car, having her feet on the ground/wet grass and seeing a house.

49.     That at no time herein did Plaintiff permit, authorize, consent to and/or ask Defendant Becker to put her back in his car, drive away with her, take her to another location, take her to a house, take her out of the Bronx, take her to his house or to otherwise have any further or other contact with her; especially not while she was going in and out of consciousness/sleep.

50.     That after waking to see this house where Defendant Becker brought her, Plaintiff then woke to the sensation of heavy pressure on top of her, seeing the side of Defendant Becker's face and her trying to push Defendant Becker off of her but to no avail.

51.     That at no time did Plaintiff permit, authorize or consent to Defendant Becker bringing her into this or any house nor to him being physically on top of her or to have any type of sexual activity or conduct, including, but not limited to sexual intercourse or otherwise.

14

52.     That on or about the morning of March 25, 3013, Plaintiff awoke gasping for air in Defendant Becker's house and, in particular, in Defendant Becker's bed.

53.     That when Plaintiff awoke on March 25, 2013 in Defendant Becker's house/bed gasping for air, she could only open one eye as her left eye was swollen shut and bruised to the point where she could not see out of same. *Annexed hereto and made a part hereof as Exhibit "D" is a copy of a picture of Plaintiff's face/left eye.*

54.     That at no point did Plaintiff authorize, permit and/or consent to Defendant Becker touching, assaulting, hitting, battering, sexually assaulting, sexually battering, punching, bruise, swell and/or otherwise physically injure/damage Plaintiff in any way and, in particular, to her left eye.

55.     That when Plaintiff awoke on the morning of March 25, 2013 in the home and bed of Defendant Becker to a swollen shut left eye and gasping for air, she found Defendant Becker sitting in his living room watching television and when she asked what happened to her, Defendant Becker replied, in sum and substance: "You fell." That Plaintiff responded to him, in sum and substance: "You don't fall on your eye...Where is my phone..."

56.     That in attempts to find Plaintiff's cellular phone, Defendant Becker called her phone and Plaintiff's phone recorded their continued conversation in which Plaintiff again asked Defendant Becker what happened to her eye and why didn't Defendant Becker take her somewhere given the serious condition in which her eye was. Plaintiff asked Defendant Becker why instead he took her to his home and, in response to Plaintiff, Defendant Becker told Plaintiff, in sum and substance: "I

15

didn't know what to do...You fell.  You fell like two times...You fell over here, you fell over there...Somebody had to help me...You fell."

57.    After finding Plaintiff's phone in Defendant Becker's car, Defendant Becker drove Plaintiff to a CVS Pharmacy and dropped her off there after which Plaintiff went home.

58.    When Plaintiff returned home on or about the morning of March 25, 2013, Plaintiff called the police to make a report against Defendant Becker.  That when the police arrived at her home/apartment building, Plaintiff told them/reported to them, the events of the night before including, but not limited to: that she had been out the night before with Defendant Becker, that he was her arresting officer in her criminal case and that she woke up in his house with her left eye in a swollen shut, with no eyelashes, was in a black and blue/ purple and red/bruised condition.

59.    That once the police heard that it was a fellow police officer involved, in particular the female officer who responded told Plaintiff that she was still probation and wanted nothing to do with Plaintiff's complaint against Defendant Becker.  That said female police officer called over her supervisor, a New York City Police Department Sergeant who was also not cooperative, understanding and/or sympathetic to Plaintiff especially since she was trying to make a report against another New York City Police Officer.  Given the foregoing police officers conduct, statements, comments and/or demeanor, Plaintiff instead decided to go to the hospital to report the incident and to be medically examined.

60.    That after the aforementioned police officers left, Plaintiff, while changing her outer clothes, leaving on her bra and underpants that she was still wearing from the night before when she

16

was with Defendant Becker, felt tightness and soreness in her vaginal area/region and she then took a cab to the emergency room/hospital.

61.    While at the emergency room/hospital, Plaintiff told the medical personnel/staff/nurses/doctors what happened when she went out with Defendant Becker the night before and what happened when she woke up in his home earlier that morning on March 25, 2013. She also told them about her left eye and about the vaginal tightness/soreness that she was feeling/suffering from.

62.    While at the emergency room, in the course of being medically treated, Plaintiff was placed in stirrups and examined which revealed that there was tearing and bruising by her thigh, a laceration across her left breast/chest, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs and/or scratches to abdomen.

63.    That while at the emergency room being treated, a rape kit was performed/administered on Plaintiff and the hospital administered and/or prescribed Plaintiff a CAT Scan for her face, an HIV/AIDs test with continued testing and monitoring every six (6) months as well as being prescribed and taking rounds of HIV PEP, Plan B and STD medications.

64.    That while at the emergency room being treated, Plaintiff spoke with a social worker and reported what happened to her with/by Defendant Becker the night of March 24, 2013 into earlier that morning of March 25, 2013 and, based upon same, the police were called and Plaintiff again reported the incident against Defendant Becker to the police who responded to the hospital.

17

65.     That the New York City Police Department Internal Affairs officers, including but not limited to a Detective Mendez and Lieutenant Hart, responded to the hospital and took Plaintiff to their Bureau to answer questions about what happened to her by Defendant Becker.  That, upon information and belief, the rape kit was also handed over/provided to Internal Affairs.  That, upon information and belief, when Plaintiff met with the New York City Police Department Internal Affairs Bureau, she picked the aforementioned female police officer who responded to her home earlier that morning and refused to take her report, from a line up/photo array.

66.     That while at the hospital, the New York City Police Department Internal Affairs Bureau officers/Detectives arranged a controlled telephone call whereby Plaintiff, under the control and supervision of Internal Affairs, called Defendant Becker during which he denied having had any sexual contact or activity with her.

67.     That, upon information and belief, the rape kit was tested and the results of which reveal that there is DNA matching the Defendant Becker family line as skin cells matching the Becker family line were found in Plaintiff's underpants which were also tested.  That, upon further information and belief, said test results are in the possession of the Bronx County District Attorney's Office, Bronx Internal Affairs Bureau and the Nassau County District Attorney's Office and that the rape kit, DNA and clothing are in possession of the Bronx County Internal Affairs Bureau and/or the New York City Medical Examiner's Office.

68.     That, as a result of the foregoing, an investigation of Defendant Becker was commenced by both the Bronx County District Attorney's Office and the Nassau County District Attorney's Office.

69.     That the Bronx County District Attorney's Office prosecuted Defendant Becker and secured an Indictment against Defendant Becker, for which Plaintiff testified before the Bronx County Grand Jury, for violation of NY Penal Law Section 195.00 – Official Misconduct.

70.     That Plaintiff learned from the Bronx County District Attorney's and/or Internal Affairs Bureau's investigation of Defendant Becker that Defendant Becker admitted to, without her consent/permission/authority, video recording Plaintiff on his personal cellular phone while Defendant Becker was booking and processing her the night of her arrest and was focusing/zooming said recording on her body, buttocks and lower body. That Plaintiff learned that it was this act of video recording her body and buttocks that the Bronx County District Attorney's Office was seeking to prosecute and Indict Defendant Becker on for the charge of Official Misconduct and not for the other acts, statements, conduct of Defendant Becker the night of her arrest from the location where they pulled her over, continuing on to the precinct and continuing on to Central Booking, nor his acts, conduct and statements made to her via all of the text messaging he engaged in with her and his statements of being able to help her with her case if she would go out with him, not for the assault, attack, sexual assault, rape and/or sexual misconduct committed against her at his home in Nassau County.

71.     That, based upon information and belief, Defendant Becker admitted to Internal Affairs Bureau Detective Derick Cuebas that he recorded Plaintiff on his cell phone during her arrest processing because he thought she had a "hot body" and that he was attracted to her. That, upon information and belief, Defendant Becker admitted to Internal Affairs that he video recorded Plaintiff, her body, her lower body, her buttocks and zoomed in said recording on her buttocks to satisfy his own sexual desire/gratification and that same was done by Defendant Becker while in

19

uniform, on duty, in his official capacity as a New York City Police Officer, in the scope of his employment during the official arrest processing of Plaintiff on or about March 11, 2013.

72.    That, based upon information and belief, in the course of the investigation of Defendant Becker by the Bronx County Internal Affairs, Defendant Becker not only admitted to video recording Plaintiff's body and buttocks during her arrest booking and processing but also gave them the and/or a copy of said recording. That, upon further information and belief, said recording and Defendant Becker's admission to video recording Plaintiff's body/lower body/buttocks during her arrest processing are in the possession of the Bronx County District Attorney's Office and/or the Bronx County Internal Affairs Bureau.

73.    That, as the Bronx County District Attorney's Office did not seek to charge or charge Defendant Becker with official misconduct for his other wrongful/improper/unlawful acts including, but not limited to: touching/cupping her breast, sexually harassing comments, watching her while she used the restroom and forcing her to keep the door open, giving her his personal phone number and instructing her to call him so he can help her with her case, texting her repeatedly to go out with him so he can help her with his case, the assault/sexual assault/rape and/or sexual misconduct that occurred at Defendant Becker's home, and only Indicted him on Official Misconduct for his video recording of her body/buttocks, the Supreme Court of the State of New York, Bronx County, by the Honorable Steven Barrett, had no choice under the law but to dismiss the Indictment against Defendant Becker as the video recording of Plaintiff's body/buttocks by Defendant Becker for personal gratification, did not satisfy the elements required to sustain a prima facie charge of Official Misconduct. *Annexed hereto and made a part hereof as Exhibit "E" is a copy of Judge Barrett's Decision.*

74.     That despite the other aforementioned evidence that could be re-presented to a Bronx County Grand Jury to make a prima facie showing of Official Misconduct against Defendant Becker, even as Judge Barrett pointed out and highlighted in his Decision to dismiss the Indictment, the Bronx County District Attorney's Office has declined/refused to re-present the case against Defendant Becker to a Bronx County Grand Jury.

75.     Based upon information and belief, based upon the legal advice given to Plaintiff by her then legal defense counsel, his knowledge of Defendant Becker's acts, conduct, statements, desire to go out with her, promises to help her with her criminal case if she goes out with him and text messages to her about same, and his advice to engage in said contact with him and knowledge that she was going out with him the night of March 24, 2013 without the advantage or protection of an arranged/controlled encounter pre-arranged by and between Plaintiff, same attorney and the Bronx County District Attorney's Office, and the subsequent and proximately caused injuries/damages Plaintiff suffered by Defendant Becker as a result therefrom, Plaintiff fired him/terminated representation by that same attorney for cause and retained new defense counsel.

76.     Based upon information and belief, in fact, that same criminal defense attorney, knowing Defendant Becker's acts, conduct, statements, desire to go out with her, promises to help her with her criminal case if she goes out with him and text messages to her about same, and his advice to engage in said contact with him and knowledge that she was going out with him the night of March 24, 2013 without the advantage or protection of an arranged/controlled encounter pre-arranged by and between Plaintiff, her attorney at that time, and the Bronx County District Attorney's Office, legally advised Plaintiff to go out with him and tape him and that same would help her criminal case.

21

77. That, upon information and belief, Defendant Becker denied having any sexual contact/activity with Plaintiff both to Plaintiff and to Internal Affairs and, yet, skin cells from his family line were found in her underpants and tested confirming that his family line DNA was found in the DNA rape kit performed on Plaintiff.

78. That on or about March 11, 2013 to on or about May 28, 2014, and at all times herein mentioned, Defendant BECKER, Shield #25985, Individually, and in his official capacity as a New York City Police Officer, unlawfully and in an abuse of authority, power, employment, title, rank and/or position as a New York City Police Officer, caused Plaintiff ERICA NOONAN to be falsely arrested, criminally charged, imprisoned and prosecuted by the Bronx County District Attorney's Office for which Plaintiff ERICA NOONAN faced having a criminal conviction and/or being sentenced to jail.

79. That at all times herein mentioned, said false/malicious prosecution began on or about March 11, 2013 and continued through and including up to on or about May 28, 2014. On May 28, 2014, the criminal case/charges/prosecution of Plaintiff Erica Noonan by the Bronx County District Attorney's Office based upon Defendant Becker's unlawful arrest and false/defamatory/libelous/slanderous charges/allegations/accusations/statements he made against her that caused her to be arrested and prosecuted, was dismissed and sealed.

80. That all times herein mentioned, Defendant Becker, Shield #25985, acting under the color of law, intentionally gave and continued to give false statements and false written statements/affidavits to the Bronx County District Attorney's Office regarding the stop, detention, arrest, recording, alcohol testing and imprisonment of Plaintiff ERICA NOONAN in an intentional

22

effort to cause Plaintiff to be arrested and prosecuted, and to be continuously prosecuted from on or about March 11, 2013 to on or about May 28, 2014.

81.     That at all times herein mentioned, Defendant Becker, Shield #25985, acting under the color of law, intentionally gave and continued to give false statements and false written statements/affidavits to the Bronx County District Attorney's Office regarding the stop, detention, arrest, recording, alcohol testing and imprisonment of Plaintiff ERICA NOONAN in an intentional effort to then subsequently abuse his position of power, authority and trust as a New York City Police Officer and as the arresting officer in said Bronx County criminal prosecution of Plaintiff ERICA NOONAN in order to, under the color of law, gain contact and access to Plaintiff herein and to then abuse his position of trust, power and authority as a New York City Police Officer to then unlawfully imprison, hit, strike, punch, assault, batter, sexually assault, sexually batter, rape, harass, sexually harass and/or otherwise commit sexual misconduct against Plaintiff herein on or about March 24, 2013 into on or about March 25, 2013, causing Plaintiff serious personal injuries and thereafter, refusing, denying and/or failing to provide and/or cause to be provided to Plaintiff any medical care/treatment for said injuries.

82.     That at all times herein mentioned, during the arrest and booking process of Plaintiff by Defendant Becker on or about March 11, 2013, Defendant Becker, while acting under the color of law and in the scope of his employment with, power and authority as a New York City Police Officer, unlawfully and forcibly touched Plaintiff ERICA NOONAN on her breasts, recorded/taped video of her buttocks and made repeated lewd and sexual/sexually harassing comments about her body and physical appearance and that he found her attractive.

23

83.     That at all times herein mentioned, during the arrest and booking process by Defendant Becker of Plaintiff ERICA NOONAN on or about March 11, 2013, Defendant Becker, acting under color of law and in the scope of his employment with, power, trust, position and authority as a New York City Police Officer, created/facilitated and/or caused to be created, a false/untrue/incorrect/inaccurate/unlawful Blood Alcohol Content reading/measurement so as to render Plaintiff criminally/unlawfully intoxicated in an intentional effort to justify his initial unlawful stop, detention and arrest of Plaintiff ERICA NOONAN herein.

84.     That at all times herein mentioned, during said arrest and booking process by Defendant Becker of Plaintiff ERICA NOONAN, Defendant Becker, acting under color of law and within the scope of his employment with, power, trust, position and authority as a New York City Police Officer, gave Plaintiff his personal cellular telephone number instructing her to call him advising Plaintiff that he, as the arresting officer, could help Plaintiff with the very charges for which he was arresting her and could "speak" to the District Attorney's Office on her behalf about the charges and the suspension of her license. Defendant Becker further, while acting under color of law and in the scope of his employment with, power, trust, position and authority as a New York City Police Officer, promised Plaintiff that he would provide her with a NYPD police shield for her to use in the future.

85.     That at all times herein mentioned, Defendant Becker, while acting under the color of law and in the scope of his employment with, power, trust, position and authority as a New York City Police Officer, abused his position of trust, power and authority as a New York City Police Officer to obtain Plaintiff ERICA NOONAN'S personal contact information by falsely and unlawfully arresting her in order for him to then abuse his same power, trust and authority to actually

24

contact Plaintiff. Defendant Becker, while acting under the color of law, further abused his position

of trust, power and authority as a New York City Police Officer by giving Plaintiff his personal

cellular telephone number and instructing her to call him and by advising her that he, as her arresting

officer, had power and influence over the District Attorney's Office regarding the very charges for

which he was arresting her—all in furtherance of his intentional, wrongful, unlawful abuse of his

power, position, trust and authority as a New York City Police Officer to gain access, contact,

influence and/or power over Plaintiff in an intentional effort to then subsequently imprison, hit,

strike, punch, assault, batter, sexually assault, sexually batter, harass, sexually harass, rape and/or

otherwise commit sexual misconduct against her, causing Plaintiff ERICA NOONAN serious

personal injuries and to then  refuse/deny/fail to provide and/or refuse/deny/fail to cause to be

provided any medical care/treatment for Plaintiff's injuries.

86.     That at all times herein mentioned, on or about March 24, 2013 at approximately

10:30 pm into the morning hours of on or about March 25, 2013, Defendant Becker, Individually and

in his official capacity as a New York City Police Officer, acting under the color of law and within

the scope of his employment with, power, trust, position and authority as a New York City Police

Officer, abused his employment, position, power, position of trust and authority as a New York City

Police Officer when he held, detained, confined and/or imprisoned Plaintiff ERICA NOONAN

against her will at Defendant Becker's residence/home/property located at 1096 Central Avenue,

Hempstead, New York and hit, struck, punched, assaulted, battered, sexually assaulted, sexually

battered, harassed, sexually harassed, raped and/or otherwise committed sexual misconduct against

Plaintiff ERICA NOONAN causing her to sustain and suffer and to continue to suffer personal

injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress

(intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, legal fees to defend herself against the Bronx County criminal case, psychological/psychiatric counseling and was and continues to be otherwise damaged/injured herein.

87.    That at all times herein mentioned, as a direct and proximate result therefrom, Plaintiff ERICA NOONAN was caused to be unlawfully, forcibly and/or falsely stopped, detained, arrested, booked and processed, imprisoned, criminally charged, criminally prosecuted,  held, imprisoned, detained, hit, struck, punched, assaulted, battered, sexually assaulted, sexually battered, raped, and was further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER CARLOS BECKER, Shield #25985, Individually and in his official capacity as a New York City Police Officer and acting under color of law, and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments in that they intentionally, maliciously, recklessly, with deliberate indifference to human life and each acting in concert with the

26

other and each acting under the color of law, unlawfully, forcibly and/or falsely stopped, detained, arrested, booked and processed, imprisoned, criminally prosecuted, detained, held, hit, struck, punched, assaulted, battered, sexually assaulted, sexually battered, harassed, sexually harassed and/or raped Plaintiff ERICA NOONAN causing her to suffer serious personal injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, legal fees to defend herself against the Bronx County criminal case, psychological/psychiatric counseling and was and continues to be otherwise damaged/injured herein.

88.     That at all times herein mentioned, Defendant Becker, acting under color of law and within the scope of his employment with, power, trust, position and authority as a New York City Police Officer, intentionally, falsely, maliciously, recklessly and with deliberate indifference to Plaintiff ERICA NOONAN'S constitutional rights, gave false statements, written and oral, to the New York City Police Department and/or the Bronx County District Attorney's Office, directly resulting in Plaintiff ERICA NOONAN'S arrest, imprisonment, criminal charges and criminal prosecution for which she faced a criminal conviction/criminal record and a sentence of imprisonment by, including, but not limited to, falsely stating and/or giving false/inaccurate/incorrect statements/information against Plaintiff including, but not limited to:

27

- That Plaintiff operated a motor vehicle while in an intoxicated condition;

- That Defendant Becker observed Plaintiff operate a motor vehicle at a high rate of speed;

- That Defendant Becker observed Plaintiff operate a motor vehicle changing lanes without signaling;

- That Defendant Becker observed Plaintiff drive through one steady red light;

- That Defendant Becker observed Plaintiff to have a very strong odor of alcohol emanating from her breath and body as well as having blood-shot, watery eyes;

- That Plaintiff stated that she had two drinks;

- That Plaintiff's blood alcohol content registered at .227 of one percentum by weight.

89.    That at all times herein mentioned, as a direct and proximate result of Defendant Becker's foregoing false/inaccurate/incorrect statements (oral and written) made while he was acting under color of law and within the scope of his employment with, power, trust, position and authority as a New York City Police Officer, against Plaintiff ERICA NOONAN, Plaintiff ERICA NOONAN was caused to be, for the first time in her life, arrested, booked and processed, imprisoned, criminally charged, criminally prosecuted, to be labeled a criminal Defendant, to appear as a criminal Defendant in criminal court from on or about March 11, 2013 through and up to on or about May 28, 2014, to incur legal fees in connection with her defense of said criminal charges, to have her license/driving privileges suspended and to lose time from work not just as a result of her physical injuries and treatment therefor but also to appear each and every time to/for criminal court to appear as a criminal Defendant in defense of Defendant Becker's false charges/false arrest.

28

90.     That at all times herein mentioned, after over one year of Plaintiff being criminally charged and prosecuted and after over one year of Plaintiff being labeled a criminal Defendant and being forced to appear in criminal Court as same, on or about May 28, 2014 the criminal charges/prosecution against Plaintiff ERICA NOONAN, that were based upon Defendant Becker's unlawful, wrongful, false, inaccurate and/or incorrect statements (oral and written) that he made to the New York City Police Department and Bronx District Attorney's Office, were dismissed and sealed.

91.     That at all times herein mentioned, Defendants THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT were negligent by failing to and/or inadequately hiring,      retaining,      supervising,      controlling,      disciplining      and/or      training      their employees/agents/officers, specifically Defendant New York City Police Officer Carlos Becker and "John Does," name being fictitious intended to be New York City Police Officers, each acting in concert with the other and each acting under the color of law and within the scope of their employment with, power, trust, position and authority as New York City Police Officers.

92.     That at all times herein mentioned, Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER CARLOS BECKER, Shield #25985, Individually and in his official capacity as a New York City Police Officer and acting under the color of law, and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments are further negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police Officers including Defendant Becker from causing

29

Plaintiff ERICA NOONAN to be injured and damaged herein and in failing to intercede, prevent and/or stop said police officers including Defendant Becker from abusing their positions of trust, power, influence and authority as New York City Police Officers over Plaintiff to then cause her to be injured/damaged herein as set forth above.

93.     That at all times herein mentioned, the Defendants THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT were negligent by failing to and/or inadequately hiring,     retaining,     supervising,     controlling,     disciplining     and/or     training     their employees/agents/officers, specifically New York City Police Department Officer CARLOS BECKER and "John Does" and by further failing to prevent, intercede and/or stop Defendant Becker from unlawfully using unreasonable and excessive force against Plaintiff by unlawfully, forcibly and/or falsely stopping, detaining, arresting, booking and processing, imprisoning, criminally charging, criminally prosecuting, holding against her will, hitting, striking, punching, assaulting, battering, sexually assaulting, sexually battering, harassing, sexually harassing, raping, forcibly restraining, and/or failing/denying/refusing to provide or cause to be provided medical care/treatment to/for Plaintiff ERICA NOONAN for the injuries and damages she sustained, as stated above, as a direct and proximate result therefrom.

94.     That at all times herein mentioned, the actions of all individual Defendants were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, the Defendants the City of New York and New York City Police Department are liable under the doctrine of *respondeat superior*.

30

95.     That at all times herein mentioned, the actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, reckless, careless and/or wanton.

96.     That at all times herein mentioned, the actions, conduct and/or omissions by all of the Defendants violated Plaintiff's clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiff herein.

97.     That at all times herein mentioned, the actions of all of the Defendants were intentional, malicious, reckless, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

98.     That at all relevant times herein mentioned, Defendant the City of New York and/or the New York City Police Department had/has policy, rules, regulations, codes, custom, practice, guidelines that prohibit their police officers from having personal contact with the Defendants and/or the individuals they arrest so as to avoid an abuse of their power, trust and authority as New York City Police Officers to improperly, wrongfully and/or unlawfully gain influence, power, access and or control over a Defendant and/or person they have arrested to the Officers' personal benefit and/or gratification including, but not limited to: sexual gratification.

99.     That at all times herein mentioned, Defendant Becker's actions, conduct, statements and/or omissions violated Defendants the City of New York's and/or New York City Police Department's rules, regulations, codes, guidelines, practice, custom and/or policy about personal

31

contact with a Defendant/arrestee and/or abuse of their power/trust/authority to gain access, contact, control, power and/or influence over them for the Officer's personal gratification including, but not limited to: sexual gratification.

## DAMAGES

100.    As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiff suffered the following injuries and damages:

   a.    Violation of her rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

   b.    Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent), loss of earnings, attorneys' fees, medical care/treatment;

   c.    Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988; and

   d.    Punitive damages;

   e.    Special damages;

   f.    Consequential damages; and

   g.    Compensatory damages in the amount of ONE HUNDRED FIFTY MILLION DOLLARS ($150,000,000.00)

101.    The physical, emotional and/or psychological consequences suffered and sustained by Plaintiff as a direct result of the Defendants' actions, conduct and/or omissions, continue to date and, upon information and belief, will continue into the future.

32

**AS AND FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE**

102.    Plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs of the Complaint numbered "1" to "101" with the same force and effect as if more fully set forth herein.

103.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of her constitutional right to be free from excessive and unreasonable force by intentionally, maliciously and with deliberate indifference to human life, forcibly detaining, imprisoning, holding her against her will, beating, battering, assaulting, sexually battering, and/or sexually assaulting Plaintiff, without justification, causing injuries/damages including, but not limited to: false arrest/ imprisonment/criminal charges and criminal prosecution of Plaintiff; mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, harassment, sexual harassment, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, legal fees to defend herself against the Bronx County criminal case, psychological/psychiatric counseling and was and continues to be otherwise damaged/injured herein.

33

104.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of her constitutional right to be free from excessive and unreasonable force by further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, attorneys' fees and other related expenses and/or losses for which Plaintiff claims damages herein.

105.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein for the injuries set for above.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. Section 1983—EIGHTH AND FOURTEETH AMENDMENT VIOLATIONS

106.    Plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs of the Complaint numbered "1" to "105" with the same force and effect as if more fully set forth herein.

107.    Defendants, acting under color of law, deprived the Plaintiff of her Eighth Amendment right to be free from cruel and unusual punishment/excessive force and her Fourteenth Amendment rights to due process and equal protection under the law.

108.    Each and every of the Defendants' animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously falsely arresting, booking, processing, criminally charging, criminally prosecuting, falsely imprisoning, detaining, stopping, holding against her will, assaulting, battering, sexually assaulting, sexually battering and/or raping Plaintiff ERICA NOONAN without justification causing her to suffer and sustain personal, physical, psychological and economic damages/injuries as state above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent),

34

psychological trauma, Post Traumatic Stress Disorder, harassment, sexual harassment, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, legal fees to defend herself against the Bronx County criminal case, psychological/psychiatric counseling and other related expenses and/or losses for which Plaintiff claims damages herein.

109.    As a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

### AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. Section 1983 -- CAUSED TO BE SUBJECTED

110.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "109" with the same force and effect as if set forth at length herein.

111.    That by the Defendants' actions, conduct, negligence and/or omissions, Defendants caused the Plaintiff ERICA NOONAN to be subjected to including, but not limited to: unlawful stop, unlawful detention, false arrest, false imprisonment, unlawful/wrongful criminal charges, unlawful/wrongful criminal prosecution, to be labeled a criminal Defendant and to be forced to appear sa such criminal Defendant from on or about March 11, 2013 to on or about May 28, 2014, to be hit, struck, assaulted, held against her will, sexually assaulted, sexually battered, harassed,

35

sexually harassed, raped and/or otherwise the victim of sexual misconduct causing Plaintiff ERICA NOONAN to suffer personal and physical injuries as stated above that required medical care/treatment and psychological care/treatment, as well as to incur economic expenses/losses including, but not limited to: loss of income and attorney's fees.

112.    As a direct and proximate result of the Defendants, their servants, agents, officers, police officers and/or employees' actions, conduct, negligence and/or omissions, Plaintiff ERICA NOONAN was caused to be unlawfully stopped, unlawfully detained, falsely arrested, falsely imprisoned, unlawfully/wrongfully charged with criminal charges, unlawfully/wrongfully criminally prosecution, to be labeled a criminal Defendant and to be forced to appear as such criminal Defendant from on or about March 11, 2013 to on or about May 28, 2014, hit, struck, assaulted, held against her will, sexually assaulted, sexually battered, raped and/or otherwise the victim of sexual misconduct causing Plaintiff ERICA NOONAN to suffer personal and physical injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, harassment, sexual harassment, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees.

113.    That Defendants, their agents, servants, officers, police officers and/or employees,

36

acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Becker herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully stop and detain Plaintiff and to falsely arrest, charge, book, process, imprison, prosecute Plaintiff ERICA NOONAN to gain influence, access and/or control over her to then again abuse his power, position, trust and authority as a New York City Police Officer to then imprison, hold against her will, detain, hit, strike, assault, batter, sexually assault, sexually batter, harass, sexually harass, and/or rape Plaintiff and then, knowing that she is injured as a direct and proximate result from same, refuse/deny/fail to provide or cause to be provided medical care/treatment for her injuries.

114.    That as a direct and proximate result of the Defendants' actions, conduct, negligence, intentional acts and/or omissions while Defendants were acting under the color of law, Defendants unlawfully subjected Plaintiff ERICA NOONAN to cruel and unusual punishment, unlawful excessive force, violation of her due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as her State Constitution rights.

115.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' actions, conduct, negligence, intentional acts and/or omissions while acting under the color of law, Plaintiff ERICA NOONAN was subjected to severe pain and suffering and, as such, the Plaintiff claims damages for the injuries set forth above.

37

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S.C. Section 1983: VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT FEDERAL CONSTITUTIONAL RIGHTS AND STATE CONSTITUTIONAL RIGHT

116.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "115" with the same force and effect as if set forth at length herein.

117.    That pursuant to the 8th Amendment of the United States Constitution and the Constitution of the State of New York, the Plaintiff has a lawful State and Federal Constitutional Right to be free from cruel and unusual punishment/excessive force.

118.    The Defendants, their agents, servants, officers, police officers, and/or employees are duty and lawfully bound to honor and respect the Plaintiff's State and Federal Constitutional Rights, including Plaintiff's 8th Amendment Constitutional Right to be free from cruel and unusual punishment/excessive force and her Fourteenth Amendment right to due process of law.

119.    The Defendants, their agents, servants, officers, police officers, and/or employees are duty and lawfully bound to refrain from acts, conduct and/or omissions which offend the concept of decency and human dignity as it relates to the custody and control that the Defendants, their agents, servants, officers, police officers and/or employees, including Defendant Becker, possessed over the Plaintiff at the time Plaintiff sustained the within injuries.

120.    That Defendants, their agents, servants, officers, police officers and/or employees, acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Becker herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully stop and detain Plaintiff and to falsely

38

arrest, charge, book, process, imprison, prosecute Plaintiff ERICA NOONAN to gain influence, access and/or control over her to then again abuse his power, position, trust and authority as a New York City Police Officer to then imprison, hold against her will, detain, hit, strike, assault, batter, sexually assault, sexually batter, harass, sexually harass and/or rape Plaintiff and then, knowing that she is injured as a direct and proximate result from same, refuse/deny/fail to provide or cause to be provided medical care/treatment for her injuries.

121.   That Defendants breached that duty owed to Plaintiff by violating her Federal and State Constitutional rights to be free from cruel and unusual punishment/excessive force and to due process of law.

122.   That Defendants, their agents, servants, officers, police officers and/or employees, acting under the color of law, were under a duty to ensure that Plaintiff's rights were not violated and that their officers including Defendant Becker herein, did not abuse his power, position, trust and authority as a New York City Police Officer to unlawfully stop and detain Plaintiff and to falsely arrest, charge, book, process, imprison, prosecute Plaintiff ERICA NOONAN to gain influence, access and/or control over her to then again abuse his power, position, trust and authority as a New York City Police Officer to then imprison, hold against her will, detain, hit, strike, assault, batter, sexually assault, sexually batter and/or rape Plaintiff and then, knowing that she is injured as a direct and proximate result from same, refuse/deny/fail to provide or cause to be provided medical care/treatment for her injuries.

123.   As a direct and proximate result of the Defendants, their servants, agents, officers, police officers and/or employees' actions, conduct, negligence and/or omissions, Plaintiff ERICA NOONAN was caused to be unlawfully stopped, unlawfully detained, falsely arrested, falsely

imprisoned, unlawfully/wrongfully charged with criminal charges, unlawfully/wrongfully criminally prosecution, to be labeled a criminal Defendant and to be forced to appear as such criminal Defendant from on or about March 11, 2013 to on or about May 28, 2014, hit, struck, assaulted, held against her will, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or otherwise the victim of sexual misconduct causing Plaintiff ERICA NOONAN to suffer personal and physical injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees.

124.    That as a direct and proximate result of the Defendants' actions, conduct, negligence, intentional acts and/or omissions while Defendants were acting under the color of law, Defendants unlawfully subjected Plaintiff ERICA NOONAN to cruel and unusual punishment, unlawful excessive force, violation of her due process rights and equal protection under the law in violation of Plaintiff's Federal rights under the Eighth and Fourteenth Amendments of the United States Constitution as well as her State Constitution rights.

125.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' actions, conduct, negligence, intentional acts and/or

omissions while acting under the color of law, Plaintiff ERICA NOONAN was subjected to severe pain and suffering and, as such, the Plaintiff claims damages for the injuries set forth above.

126.    That as a direct and proximate result of the Defendants, their agents, servants, officers, police officers and/or employees' conduct, actions and/or omissions, including of Defendant Becker herein, all while acting under color of law, Plaintiff was subjected to severe pain and suffering and, as such, the Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. Section 1983—CONSPIRACY

127.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "126" with the same force and effect as if set forth at length herein.

128.    That the individual Defendants, including Defendant Becker herein, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, coerce, hit strike, assault, batter, beat, sexually assault, sexually batter, harass, sexually harass, rape, falsely arrest, imprison, falsely criminally charge, falsely criminally prosecute, detain, hold against her will, give false statements (oral and written) against Plaintiff and deny/refuse/fail to provide or cause to be provided medical care/treatment for the physical and personal injuries she sustained as a direct and proximate result therefrom, thereby denying the Plaintiff the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to her by the Constitution, including the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force, to due process of law and to receive necessary and needed medical care.

129.    The individual Defendants, including Defendant Becker herein, acting under color of

41

law, conspired with each other to undertake a course of conduct to intentionally and maliciously deny the Plaintiff her rights herein and to have Plaintiff be injured and suffer the personal, physical, psychological and economic injuries/damages she sustained a a direct and proximate result therefrom; in violation of Plaintiffs' constitutional rights including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force to receive necessary and needed medical care.

130.     That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

131.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "130" with the same force and effect as if set forth at length herein.

132.     The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

133.     Defendants the City of New York and New York City Police Department, at all relevant times herein, are responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendant Becker and "John Does" herein named.

134.     Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendant Becker and "John Does" herein were

42

reasonably foreseeable and/or reasonably likely to occur.

135.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional, negligent, reckless, egregious and/or malicious actions, conduct and/or omissions committed against Plaintiff ERICA NOONAN, as stated above in detail, thereby causing the Plaintiff damages and injuries including, but not limited to: mental anguish, harassment, sexual harassment, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees.

136.    That had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

137.    That the failure of the Defendants in failing to and/or improperly and/or inadequately screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants Becker and "John Does" named herein directly and proximately caused injury and damages to the Plaintiff.

138.    By their conduct/actions/omissions under color of law and in their supervisory

position, the Defendants the City of New York and New York City Police Department deprived Plaintiff of her constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law, the right to due process and the right to the enjoyment of life and the pursuit of happiness.

139. By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and New York City Police Department, Defendant Becker and "John Does" deprived Plaintiff of her State and Federal Constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury and damages to the Plaintiff herein.

140. That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### 42 U.S.C. Section 1983-MONEL CLAIM

141. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "140" with the same force and effect as if set forth at length herein.

142. Prior to March 11, 2013 and continuing to on or about May 28, 2014, Defendants the City of New York and New York City Police Department, through their official policy-makers, developed, created, facilitated, encouraged, enabled and/or maintained policies, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens like Plaintiff ERICA NOONAN herein -- the very policies, practices and/or customs which caused and/or

44

contributed to the violation of Plaintiff's State and Federal Constitutional Rights complained of herein.

143.    It was the policy, practice and/or custom of Defendants the City of New York and New York City Police Department to inadequately and/or improperly investigate the complaints of citizens about/of/regarding abuse of authority, abuse of power, abuse of trust, false arrest, false imprisonment, unlawful stop and detention, assault, battery, excessive force, sexual assault/battery, sexual misconduct, official misconduct, failure to provide or cause to be provided medical care/treatment. Instead, acts of extreme violence, assault, battery, misconduct, harassment, sexual harassment, excessive force, sexual assault/battery, sexual misconduct, false arrest, false imprisonment, unlawful stop and detention and denial/refusal to provide or cause to be provided medical care/treatment exceeding that of human decency and the cruel and inhumane treatment of citizens/arrestees like Plaintiff in violation of the State and Federal Constitution were tolerated, encouraged, facilitated, uncorrected and/or unpunished by Defendants the City of New York and the New York City Police Department. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers including Defendant Becker who violated the State and Federal Constitutional Rights of citizens/arrestees like Plaintiff herein.

144.    It was the policy, practice and/or custom of Defendants the City of New York and the New York City Police Department to inadequately and/or improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent propensity, the propensity to commit official misconduct, the propensity to abuse their power, position, trust and/or authority as a New York City Police Officer, the propensity to falsely arrest citizens, the propensity

45

to unlawfully stop and detain citizens, the propensity to falsely/hold/detain/hold against their will/imprison citizens, the propensity to falsely criminally charge and prosecute citizens, the propensity to assault/batter/sexually assault/sexually batter/rape citizens, the propensity to deny/refuse/fail to provide or cause to be provided medical care/treatment for citizens that they injure, the propensity to violate the State and Constitutional Rights of citizens/arrestees, the propensity to engage in excessive punishment/excessive force against citizens/arrestees, the propensity to ignore the medical needs of those they have injured, the propensity to subject citizens/arrestees to cruel and inhumane punishment/ excessive force, the propensity to harass/sexually harass while acting under color of law. The foregoing Defendants have substantially failed to screen and reject such police officers including Defendant Becker herein.

145.    It was the policy, practice and/or custom of the Defendants City of New York and the New York City Police Department to inadequately and improperly train and supervise police officers like Defendant Becker herein who are known, or with reasonable diligence should be known, to be actively engaged in misconduct/violence/unlawful conduct by, among other actions and/or omissions, failing to investigate and punish improper/unlawful conduct of police officers; thereby failing to discourage constitutional violations on the part of their officers, as those visited upon Plaintiff as set forth herein.

146.    Defendants the City of New York and the New York City Police Department have been on notice for years that harassment, assault, battery, official misconduct, abuse of power, abuse of trust, abuse of authority, use of excessive force, sexual assault/battery, sexual misconduct, failure to provide or cause to be provided medical care and/or violations of citizens'/arrestees' State and Federal Constitutional Rights are widespread prior to the wrong that was visited upon the Plaintiff

46

herein and that particular reforms need to be implemented.

147.   It was the policy, practice and/or custom of Defendants the City of New York and New York City Police Department to inadequately and/or improperly screen, hire, retain, train, supervise, manage, control, oversee and/or discipline their officers including those named herein as Defendants, to wit: Defendant Becker and "John Does"; thereby failing to discourage State and Federal Constitutional violations on the part of their officers such as those visited upon Plaintiff as set forth herein.

148.   Defendants the City of New York and New York City Police Department, as a matter of policy, custom and/or practice have, with deliberate indifference, failed to adequately/properly screen for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens/arrestees such as Plaintiff herein, thereby causing the Defendant officers in this case, to wit: Defendant Becker and "John Does", to engage in the unlawful actions, conduct and/or omissions against Plaintiff as described herein.

149.   The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens/arrestees like Plaintiff herein and the need for supplemental or different training, discipline, policies, practices and/or customs of Defendants the City of New York and New York City Police Department, caused their officers, including Defendant Becker and "John Does" to believe that they can violate the rights of citizens/arrestees like Plaintiff herein with impunity; thereby foreseeably allowing officers to violate the State and Federal Constitutional rights of citizens/arrestees such as Plaintiff herein.

150.   As a direct and proximate result of the Defendants' deliberate indifference,

47

Defendants violated Plaintiff's aforementioned State and Federal Constitutional Rights and caused the Plaintiff to suffer substantial harm and injury including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, harassment, sexual harassment, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, and, otherwise violated the State and Federal Constitutional rights of the Plaintiff.

151.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

152.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "151" with the same force and effect as if set forth at length herein.

153.    Defendants the City of New York, the New York City Police Department, Defendant Becker and "John Does" had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly stop, detain, hold, hold against

48

her will, false arrest, book, process, imprison, assault, hit, strike, batter, sexually assault, sexually batter, harass, sexually harass, rape and/or commit sexual misconduct against her and then fail to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein.

154.    Defendants the City of New York, New York City Police Department, Defendant Becker and "John Does" named herein, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions, conduct and/or omissions against the Plaintiff and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and/or refused to prevent the other from engaging in the aforementioned acts/conduct/omissions against Plaintiff herein.

155.    The Defendants' willful and deliberate failure to act when they each had a duty to do

so was the actual, direct and/or proximate cause of the injuries and damages Plaintiff suffered and continues to suffer herein.

156.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A NINTH CAUSE OF ACTION

157.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "156" with the same force and effect as if set forth at length herein.

158.    By their conduct on or about March 11, 2013 continuing to on or about May 28, 2014, under color of state law, Defendants each individually and collectively, had opportunities to intercede on behalf of Plaintiff to prevent the unreasonable and excessive, cruel and inhumane treatment that Plaintiff suffered from on or about March 11, 2013 to on or about May 28, 2014 and to prevent the other violations of the State and Federal Constitutional Rights of the Plaintiff but, due to Defendants' intentional conduct and/or deliberate indifference, Defendants declined or refused to do so.

159.    As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiff suffered the injuries and damages set forth and described above including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, harassment, sexual

50

harassment, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein.

160.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## PENDENT STATE CLAIMS

## AS AND FOR A TENTH CAUSE OF ACTION

161.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "160" with the same force and effect as if set forth at length herein.

162.    By their conduct on or about March 11, 2013 to on or about May 28, 2014, under color of state law, Defendants named herein each individually and collectively, under color of law, conspired with each other to undertake a course of conduct to, with deliberate indifference and reckless disregard for the life, safety, health and rights of Plaintiff ERICA NOONAN herein, unlawfully and forcibly stop, detain, hold, hold against her will, false arrest, book, process, imprison, assault, hit, strike, batter, sexually assault, sexually batter, harass, sexually harass, rape and/or commit sexual misconduct against her and then fail to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately

51

therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein. and to further subject the Plaintiff to cruel and inhumane treatment/excessive force.

163.    That as a direct and proximate result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and/or employees, and in particular Defendants Becker and "John Does", unlawfully violated Plaintiff's State Constitutional rights herein to due process of law, equal protection under the law and to be free from excessive force/cruel and inhumane treatment and to otherwise caused the Plaintiff to be damaged/injured herein as set forth above.

164.    That as a direct and proximate result of the foregoing, Defendants, acting under color of law, falsely imprisoned the Plaintiff by unlawfully stopping, detaining, holding, imprisoning and

later holding Plaintiff against her will while Defendant Becker hit, struck, assaulted, battered, sexually assaulted, sexually battered, raped and/or otherwise committed sexual misconduct against Plaintiff, causing her personal and physical injuries therefrom and then refusing, denying, failing to provide and/or cause to be provided medical care/treatment to Plaintiff for said resulting physical injuries.

165.    That as a direct and proximate result therefrom, Plaintiff was caused to suffer excessive force/cruel and inhumane treatment.

166.    That on or about March 11, 2013 to on or about May 28, 2014, Defendants, acting in concert one with the other, engaged in the foregoing actions, conduct and/or omissions complained of herein and intentionally placed Plaintiff in fear of her physical safety and, as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

167.    That on or about March 11, 2013 to on or about May 28, 2014, Defendants, acting in concert one with the other, by engaging in the foregoing actions, conduct and/or omissions complained of herein negligently inflicted emotional distress on the Plaintiff.

168.    That on or about March 11, 2013 to on or about May 28, 2014, Defendants, acting in concert one with the other, engaged in conduct that was outrageous and shocking to the human decency.

169.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

170.    All of the foregoing occurred without fault and/or provocation on the part of the

Plaintiff herein.

171.    At all relevant times herein, Defendants Becker and "John Does" officers named herein were employees of Defendants the City of New York and New York City Police Department and, as such, the City of New York and New York City Police Department are liable under the doctrine of *respondeat superior* for their tortuous actions, intentional and/or the negligent conduct, actions and/or omissions of the Defendants Becker and "John Does".

172.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff herein..

173.    Defendants Becker and "John Does" were at all times herein mentioned agents, servants, officers, police officers and/or employees of Defendants the City of New York and New York City Police Department and were at all times herein complained of herein, acting within the scope of their employment and under the color of law in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

174.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

175.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

176.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "175" with the same force and effect as if set forth at length herein.

177.    That on or about March 11, 2013 to on or about May 28, 2014, the Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiff severe emotional distress.

178.    That on or about March 11, 2013 to on or about May 28, 2014, Defendants, acting in concert one with the other, engaged in the foregoing actions, conduct and/or omissions complained of herein and intentionally placed Plaintiff in fear of her physical safety with the specific intent to intentionally inflict emotional distress on the Plaintiff and, as such, intentionally and recklessly caused Plaintiff to suffer emotional distress.

179.    That at all relevant times herein, Defendants Becker and "John Does", officers named herein, were/are employees of Defendants the City of New York and New York City Police Department and, as such, Defendants the City of New York and New York City Police Department are liable under the doctrine of *respondeat superior* for their tortuous actions, intentional acts/conduct/omissions and/or the negligent conduct and/or omissions of the Defendants Becker and "John Does" named herein.

180.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff herein.

181.    Defendants Becker and "John Does" were at all times herein mentioned, agents,

servants, officers, police officers and/or employees of Defendants the City of New York and New York City Police Department and were at all times herein complained of, acting within the scope of their employment and under the color of law in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

182.    Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

183.    As a direct and proximate result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and or employees, and in particular Defendants Becker and "John Does", unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately thereform injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications,

undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

184.   As a direct and proximate result of the foregoing, Defendants further unlawfully and falsely imprisoned the Plaintiff causing Plaintiff to suffer and continue to suffer injuries and damages herein.

185.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

186.   That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A TWELFTH CAUSE OF ACTION

187.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "186" with the same force and effect as if set forth at length herein.

188.   The Defendants the City of New York and New York City Police Department had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other including, but not limited to Defendants Becker and "John Does" named herein.

57

189.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every one of their officers and, in particular, Defendants Becker and "John Does" herein named.

190.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Becker and "John Does" who, acting in concert each with the other intentionally and maliciously unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise

58

violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

191.   The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Becker and "John Does" who, by their conduct on or about March 11, 2013 to on or about May 28, 2014, under color of state law, Defendants each individually and collectively, under color of law and with the malicious intent of denying Plaintiffs the equal protection of the laws of the State of New York and the United States of America and with intent to subject the Plaintiff to cruel and inhumane treatment/excessive force in violation of the Constitution of the State of New York, unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, ecchymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety,

depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering and otherwise acted with deliberate indifference and/or reckless disregard for Plaintiff's human life, safety, health, rights and/or well being -- in blatant violation of the 8th Amendment of the Constitution of the United States of America and the Constitution of the State of New York.

192.    The Defendants the City of New York and New York City Police Department knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants Becker and "John Does" herein named, would likely occur.

193.    The Defendants the City of New York and New York City Police Department failed to take preventive and/or undertake remedial measures to guard against the unlawful acts complained of herein of their servants, agents, officers, police officers, employees, including Defendants Becker and "John Does" herein and to prevent the violation of the constitutional rights of the Plaintiff.

194.    Had the Defendants the City of New York and New York City Police Department taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful manner, the violation of Plaintiff's constitutional rights would not have occurred.

195.     The failure of the Defendants the City of New York and New York City Police Department, in failing to and/or improperly/inadequately screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants Becker and "John Does" herein named was a direct and proximate cause of Plaintiff's injuries and a direct and proximate cause of the violation of the Plaintiff's State and Federal Constitutional Rights.

196.     By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and New York City Police Department deprived Plaintiff of her constitutional rights, including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

197.     The Defendants the City of New York and New York City Police Department were, at all relevant times herein, negligent in the hiring, retention, training, supervision, management and/or control of the individual Defendants named herein including Defendant Becker and "John Does".

198.     That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

199.     Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

200.     That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

201.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs

of the Complaint numbered "1" to "200" with the same force and effect as if set forth at length herein.

202.    As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiff.

203.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiff's' right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, false imprisonment, sexual assault, sexual battery, sexual misconduct, harassment, sexual harassment, rape, false arrest and/or excessive force.

204.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff is in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

205.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

206.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

62

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### DEFENDANTS THE CITY OF NEW YORK'S AND NEW YORK CITY POLICE DEPARTMENT'S FAILURE TO TRAIN, SUPERVISE, MANAGE &/OR CONTROL

207.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "206" with the same force and effect as if set forth at length herein.

208.   Defendants the City of New York and New York City Police Department have/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants, officers, police officers and/or agents including, but not limited to Defendants Becker and "John Does" named herein.

209.   Defendants Becker and "John Does" were/are employees, servants, officers, police officers and/or agents of the Defendants the City of New York and the New York City Police Department.

210.   Defendants the City of New York and New York City Police Department are negligent in that they failed their duty to supervise, manage, oversee, maintain, control and/or train their employees, servants, officers, police officers and/or agents, particularly, Defendants Becker and "John Does" so that the Defendants, their employees, agents, officers, police officers and/or servants would be aware that it is unlawful to unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional

distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

211.	Defendants the City of New York and New York City Police Department's negligence was a direct and proximate cause of the harm/damages/injuries visited upon the Plaintiff.

212.	Further, as a direct and proximate result of Defendants the City of New York and the New York City Police Department's negligence, Plaintiff suffered and continues to suffer injuries and/or damages.

213.	That at all times herein mentioned, the Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

214.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

215.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

216.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "215" with the same force and effect as if set forth at length herein.

217.    Defendants, their officers, agents, servants, officers, police officers and/or employees including Defendant Becker and "John Does" are/were, at all time herein mentioned, agents, servants, officers, police officers and/or employees acting within the scope of their employment.

218.    Defendants engaged in extreme and outrageous conduct, intentionally, recklessly, and/or negligently causing Plaintiff to suffer severe emotional distress.

219.    As a direct result of Defendants' extreme and outrageous conduct, Plaintiff was caused to suffer and sustain psychological injuries including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder.

220.    As a direct result of Defendants' extreme and outrageous conduct, Plaintiff claims damages for the injuries set forth above.

221.    The Defendants further placed Plaintiff in fear of her physical safety and as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

65

222.    Defendants, their officers, agents, servants, officers, police officers and/or employees including but not limited to Defendants Becker and "John Does" were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

223.    The Defendants named herein were, at all times herein mentioned, agents, servants, officers, police officers and/or employees acting within the scope of their employment with Defendants the City of New York and the New York City Police Department in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

224.    Defendants the City of New York and the New York City Police Department were responsible for the hiring, retention, supervision, management, and control of the foregoing individual Defendants herein including Defendant Becker and, as such, are liable, pursuant to *respondeat superior*, for the acts, conduct and/or omissions of the foregoing individual Defendant officers named herein.

225.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

226.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## AGAINST DEFENDANT CARLOS BECKER FOR DEFAMATION: SLANDER AND LIBEL

227.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs of the Complaint numbered "1" to "226" with the same force and effect as if more fully set forth herein.

66

228.    That at all times herein mentioned, the Defendants made and published, and continue to make and publish, false and defamatory statements about Plaintiff and, in particular, about her moral turpitude, character and reputation and further falsely accused her of activity constituting a crime under and pursuant to New York Penal Law.

229.    That at all times herein mentioned, the Defendants made and published, and continue to make and publish to on or about May 28, 2014, written and verbal false and defamatory statements about Plaintiff **ERICA NOONAN** to third parties and/or entities including, but not limited to the New York City Police Department and the Bronx County District Attorney's Office and, in particular, about her character, reputation and moral turpitude.

230.    That at all times herein mentioned, the Defendants knew said written and/or verbal false and defamatory statements to be false and untrue and that same would damage Plaintiff **ERICA NOONAN** not only to her reputation in society but, also, would cause her to be charged with a crime(s), face criminal prosecution and potentially go to jail as the crime(s) the Defendants falsely charged against Plaintiff included Driving While Intoxicated, a Misdemeanor.

231.    That on or about March 11, 2013 to on or about May 28, 2014, as a direct and proximate cause of the Defendants' intentional, reckless, malicious, false and defamatory statements they made and published to the New York City Police Department and/or the Bronx County District Attorney's Office, Plaintiff **ERICA NOONAN** was arrested on the charge of violation of Driving While Intoxicated, a Misdemeanor, which potentially could carry a sentence of one (1) year in jail, and was forced to be and caused to be for the very first time in her life,. arrested, booked, processed, imprisoned, prosecuted, labeled a criminal Defendant and to appear in Court as such a criminal Defendant from on or about March 11, 2013 to on or about May 28, 2014 when the case was

ultimately dismissed and sealed.

232.     That as a direct and proximate result of the Defendants' intentional, reckless, malicious, false and defamatory statements they made and published to the New York City Police Department and/or the Bronx County District Attorney's Office, Plaintiff **ERICA NOONAN** was forced and caused to, for the very first time in her life, be labeled and appear as a criminal Defendant facing criminal prosecution and was forced to appear and return to court to defend herself against said charges for over one year, to wit: from on or about March 11, 2013 to on or about May 28, 2014 when the case was ultimately dismissed and sealed.

233.     That as a direct and proximate result of the foregoing, not only did Plaintiff **ERICA NOONAN** suffer emotional and psychological distress, but also was forced to incur legal fees for attorneys' fees in order to secure representation of her against the Defendants' false charges, to wit: Plaintiff incurred approximately Ten Thousand Dollars ($10,000.00).

234.     That at all times herein mentioned, the foregoing statements were and are defamatory, false, untrue and damaging to Plaintiff **ERICA NOONAN'S** character, morality and reputation in society.

235.     That at all times herein mentioned, the foregoing statements were and are defamatory as they assert that Plaintiff has committed a crime, committed a crime of moral turpitude, put her interests above that of society and/or posed a danger to pedestrians and other individuals driving on the road at the same time as Plaintiff by alleging that she was operating a motor vehicle while intoxicated when the Defendants' statements have/had no factual or legal basis an were made up in order for Defendant Becker to subsequently attack, hold against her will, imprison, assault, batter, sexually assault, sexually batter, harass, sexually harass, rape, commit sexual misconduct against

and/or deny/refuse/fail to provide and/or cause to be provided medical care to Plaintiff for the personal and physical injuries she sustained as a result therefrom.

236.    That at all times herein mentioned, any person or individual on behalf of any entity reading and/or hearing these false and defamatory statements about the Plaintiff **ERICA NOONAN** would only understand the Defendants' false assertions about Plaintiff and would not know that said statements are false.  As such, the Defendants' written and/or verbal false and statements about Plaintiff are defamatory on their face, constituting defamation *per se*, and the Defendants should be held liable and accountable to Plaintiff for damages.

237.    That at all times herein mentioned, the foregoing defamatory statements made, and continued to be made to on or about May 28, 2014 by Defendants against the Plaintiff are false and were/are known to be false and/or with the exercise of due diligence should have been known to be false by the Defendants at the time said statements were made.

238.    That at all times herein mentioned, by submitting/delivering the foregoing statements to the New York City Police Department and/or the Bronx County District Attorney's Office, the Defendants caused these knowingly false and/or misleading statements as to Plaintiff's moral, personal, ethical, societal, criminal and/or reputational conduct to be published, thereby defaming the Plaintiff herein.

239.    That at all times herein mentioned, as a direct and proximate result of the Defendants' false and defamatory statements made and published about Plaintiff, Plaintiff **ERICA NOONAN** suffered and continues to suffer damages including, but not limited to: damage to her reputation, damage to her character, damage to her place in society, public shame, humiliation, mental anguish, being arrested and charged with a crime, being imprisoned, being labeled a criminal Defendant,

69

being prosecuted in a court of law as a criminal defendant and appearing in court as same for over one year, facing up to one year in jail and having a criminal record for the rest of her life, the potential for lost/denial of employment opportunities, economic/monetary damages incurred as a result of being falsely arrested and charged with a crime including attorneys' fees, loss of pay for time lost from work, damage to her moral and ethical character, pain, suffering, mental anguish and emotional distress.

240.    That at all times herein mentioned, the Defendants Becker and "John Does", individually and acting in the scope of their employment/official capacity with Defendants the City of New York and New York City Police Department, their agents, servants, employees, affiliates and/or licensees, have made and published, and continued to make and publish false and defamatory statements about Plaintiff **ERICA NOONAN** from on or about March 11, 2013 to on or about May 28, 2014 to third parties and/or entities including, but not limited to: the New York City Police Department and/or the Bronx County District Attorney's Office knowing said statements to be false and untrue and that same would damage Plaintiff's character and reputation in society, cause her to be charged with a crime(s), face criminal prosecution, and potentially cause Plaintiff to go to jail by falsely stating, including but not limited to: that Plaintiff committed the crime of driving while intoxicated.

241.    That at all times herein mentioned, the Defendants knew said written and verbal false and defamatory statements to be false and untrue and that same would damage Plaintiff **ERICA NOONAN'S** reputation and character in society.

242.    That at all times herein mentioned, the Defendants Becker and "John Does", individually and acting in the scope of their employment/official capacity with Defendants the City

70

of New York and the New York City Police Department, their agents, servants, employees, affiliates and/or licensees, have made and published, and continued to make and publish from on or about March 11, 2013 to on or about May 28, 2014, false and defamatory statements about Plaintiff **ERICA NOONAN** to third parties and/or entities including, but not limited to the New York City Police Department and/or the Bronx County District Attorney's Office, knowing said statements to be false and untrue and that same would damage her reputation and character in society, including but not limited to:

- That Plaintiff operated a motor vehicle while in an intoxicated condition;

- That Defendant Becker observed Plaintiff operate a motor vehicle at a high rate of speed;

- That Defendant Becker observed Plaintiff operate a motor vehicle changing lanes without signaling;

- That Defendant Becker observed Plaintiff drive through one steady red light;

- That Defendant Becker observed Plaintiff to have a very strong odor of alcohol emanating from her breath and body as well as having blood-shot, watery eyes;

- That Plaintiff stated that she had two drinks;

- That Plaintiff's blood alcohol content registered at .227 of one percentum by weight.

243.    That at all times herein mentioned, the foregoing statements were and are defamatory, false, untrue and damaging to Plaintiff's character and reputation in society.

244.    That at all times herein mentioned, the foregoing defamatory statements made, and continued to be made by Defendants against the Plaintiff were/are false and were/are known to be false by the Defendants at the time said statements were made.

71

245.     That at all times herein mentioned, by submitting/delivering/making/publishing the foregoing statements to the New York City Police Department and/or Bronx County District Attorney's Office, Defendants caused Plaintiff's clean record as an upstanding citizen who was never arrested before to become tainted with these false accusations that Plaintiff committed an actual crime and caused her to have an arrest record which, apart from being a public document by way of the Defendants causing criminal charges to be filed, are subject to revelation by not only potential future employers of Plaintiff but her actual present employer, to wit: the New York City Department of Education, which can access her arrest information and, as such, Defendants caused these knowingly false and/or misleading statements as to Plaintiff's moral, ethical, personal, character, reputational and societal conduct to be published, thereby defaming the Plaintiff **ERICA NOONAN.**

246.     That at all times herein mentioned, as a result of the Defendants' false and defamatory statements made and published about Plaintiff, Plaintiff **ERICA NOONAN** suffered and continues to suffer damages including, but not limited to: damage to her reputation, damage to her character, damage to her place in society, damage to her moral character/reputation, humiliation, embarrassment, public shame, scorn, lost/denial of employment opportunities, monetary damages and mental anguish, pain and suffering and emotional distress.

247.     That at all times herein mentioned, as a direct and proximate result and/or consequence of the publication by the Defendants of the foregoing statements about Plaintiff **ERICA NOONAN,** Plaintiff has incurred and continues to incur actual, special and consequential damages in an amount to be proved at trial of no less than TEN MILLION DOLLARS ($10,000,000.00).

248.     That at all times herein mentioned, as a direct and proximate result and/or consequence of the publication by the Defendants of the foregoing statements about Plaintiff, each of

72

the Defendants is liable to Plaintiff **ERICA NOONAN** in an amount to be proved at trial of no less than TEN MILLION DOLLARS ($10,000,000.00).

249.   Alternatively, the Defendants' statements about Plaintiff constitute defamation *per se* and, as such, the Defendants should be liable to the Plaintiff **ERICA NOONAN** in an amount to be proved at trial of no less than TEN MILLION DOLLAR ($10,000,000.00)

250.   That at all times herein mentioned, the making, submitting, delivering and/or publishing of the Defendants' defamatory and false statements about Plaintiff was for no legitimate reason or purpose other than to inflict harm and damage upon the Plaintiff and was purposefully and intentionally done by the Defendants to cause such harm and damage.

251.   That at all times herein mentioned, the Defendants' defamatory and false statements about Plaintiff were and are not protected by any qualified privilege or any immunity from liability.

252.   That at all times herein mentioned, as a result of the Defendants' false and defamatory statements made and published about Plaintiff, Plaintiff suffered and continues to suffer damages including, but not limited to: damage to her reputation, damage to her character, damage to her moral character/reputation, damage to her place in society, public shame and scorn, humiliation, embarrassment, lost/denial of employment opportunities, monetary damages and mental anguish, pain and suffering and emotional distress.

253.   As a direct and proximate cause of the intentionally tortuous conduct of the Defendants by making, submitting, delivering and/or publishing the defamatory and false statements about the Plaintiff, Plaintiff **ERICA NOONAN** has suffered, and continues to suffer, actual, special and consequential damages in excess of TEN MILLION DOLLARS ($10,000,000.00).

254.   That at all times herein mentioned, no other purpose could have been served, under all

of the circumstances, by the Defendants' making, submitting, delivering and/or publishing the defamatory and false statements about Plaintiff other than to inflict harm and damages to Plaintiff, which they have in fact caused and continue to cause for which the Defendants should be held liable.

255. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

256. That as a direct and proximate result of the foregoing, Plaintiff **ERICA NOONAN** claims damages herein.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION
AGAINST DEFENDANT CARLOS BECKER FOR ASSAULT, BATTERY
AND FALSE IMPRISONMENT**

257. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "256" with the same force and effect as if set forth at length herein.

258. That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and/or employees, and in particular by Defendants Becker and "John Does" officers named herein, placed Plaintiff in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by having including, but not limited to: unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not

74

limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

259. That as a direct and proximate result of the foregoing, Defendants committed assault against Plaintiff herein and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

260. As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and or employees, and in particular Defendants Becker and "John Does", unlawfully battered Plaintiff by having unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed

sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

261.    That as a direct and proximate result of the foregoing, Defendants committed battery against Plaintiff herein and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

262.    That Defendants, in forcibly stopping, restraining, detaining, arresting, booking, processing, imprisoning, charging, prosecuting, holding Plaintiff **ERICA NOONAN** against her will while they assaulted, beat, struck, hit, assaulted, battered, sexually assaulted, sexually battered,

raped, committed sexual misconduct against and/or used excessive force against Plaintiff, committed false imprisonment and caused Plaintiff to suffer and sustain serious personal, physical and psychological injuries.

263.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

264.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## BREACH OF DUTY OWED TO PLAINTIFF

265.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "264" with the same force and effect as if set forth at length herein.

266.    On or about March 11, 2013 to on or about May 28, 2014, and at all times herein mentioned, Defendants owed Plaintiffs a duty to be free from unlawful assault, battery, sexual assault, sexual battery, rape, sexual misconduct, false imprisonment, false arrest, use of excessive force, infliction of emotional distress and/or physical injury.

267.    That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiff.

268.    That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to being: unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct

77

against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

269. The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant, including Defendants Becker and "John Does" and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

270. The Defendants the City of New York and the New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing,

supervising, managing, controlling, overseeing and/or disciplining of each and every one of their officers and, in particular, Defendants Becker and "John Does" herein named.

271.    The Defendants the City of New York and New York City Police Department were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants Becker and "John Does" who intentionally and maliciously, unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to

further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

272.    The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants Becker and "John Does" would likely occur.

273.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious use of excessive force, false imprisonment, assault, battery, sexual assault, sexual battery, harassment, sexual harassment, rape, sexual misconduct, false arrest, booking and processing, criminal prosecution against Plaintiff, and/or the refusal/denial/failure to provide or cause to be provided medical care/treatment to Plaintiff for the injuries she sustained as a direct and proximate result therefrom and to otherwise prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful manner, the violation of Plaintiff's constitutional rights would not have occurred.

274.    The failure of the Defendants the City of New York and the New York City Police Department to actually, properly and/or adequately screen, supervise, train, manage, control, oversee and/or discipline Defendants Becker and "John Does" caused injury to the Plaintiff.

275.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York and the New York City Police Department deprived Plaintiff of her constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

276.   The Defendants the City of New York and the New York City Police Department were, at all relevant times herein, negligent in the hiring, retention, training, supervision, management and/or control of the individual Defendants named herein including Defendant Becker.

277.   That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

278.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

279.   That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF THE NEW YORK STATE CONSTITUTION

280.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "279" with the same force and effect as if set forth at length herein.

281.   As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees, including Defendants Becker and "John Does", failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiff.

282.   As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees, including Defendants Becker and

81

"John Does", displayed a deliberate indifference to and/or reckless disregard for human life and, in particular, to Plaintiff's human life, safety, health, well being and her right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, sexual assault, sexual battery, sexual misconduct, harassment, sexual harassment, rape, false imprisonment, false arrest and/or excessive force.

283.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff are in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

284.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

285.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

## AS AND FOR A TWENTIETH CAUSE OF ACITON
### PUNITIVE DAMAGES

286.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "285" with the same force and effect as if set forth at length herein.

287.    The foregoing unlawful acts/conduct by Defendants, each individually, and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees, officers, police officers and/or employees, including Defendants Becker and "John Does", against Plaintiff were reckless, malicious, intentional, wanton and were

committed with deliberate and/or reckless indifference/disregard to/for human life and to Plaintiff's life, safety, health, well being and constitutional rights.

288. As a direct and proximate result of the foregoing, Plaintiff sustained injuries/damages herein including, but not limited to being: unlawfully and forcibly stopped, detained, held, held against her will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, sexually assaulted, sexually battered, harassed, sexually harassed, raped and/or committed sexual misconduct against her and then failed to provide or cause to be provided medical care/treatment for the injuries Plaintiff sustained therefrom, and to cause directly and proximately therefrom injuries/damages to the Plaintiff including, but not limited to: mental anguish, shock, pain and suffering, emotional distress (intentional and negligent), psychological trauma, Post Traumatic Stress Disorder, bruising, swelling, contusion to left eye, swelling and black and blue bruising to left eye, eccymosis of left eye, left periorbital tissue swelling, scratches to her chest, scratches to her breasts, pelvic soreness, scratches to feet, scratches to thighs, scratches to abdomen, sexual assault, sexual battery, rape, humiliation, stress, fear, anxiety, depression, loss of income, HIV/AIDs testing and monitoring every six (6) months, being prescribed and taking rounds of HIV PEP, Plan B and STD medications, undergoing rape kit procedure, emergency medical treatment, psychological care/treatment, as well as economic expenses/losses including, but not limited to, loss of income and attorney's fees, to otherwise violated the State and Federal Constitutional rights of the Plaintiff and to further subject the Plaintiff to cruel and inhumane treatment/excessive force and to otherwise violate the constitutional rights of the Plaintiff herein, to further subject the Plaintiff to cruel and inhumane treatment/excessive force and further causing Plaintiffs to incur, and to continue to incur, pain and suffering.

83

289.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

290.    That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

291.    That as a direct and proximate result of the foregoing, Plaintiff claims punitive damages herein in the amount of ONE HUNDRED FIFTY MILLION DOLLARS ($150,000,000.00).

## DAMAGES

292.    As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, Plaintiff sustained and suffered the following:

(a)    Violation of Plaintiff's rights as secured by the Eighth an Fourteenth Amendments of the U.S. Constitution;

(b)    Violation of Plaintiff's Rights as secured by 42 U.S.C. Sections 1983 and 1986;

(c)    Violation of Plaintiff's Rights as secured by the New York State Constitution, Article One, Section Twelve of the New York State Constitution;

(d)    Mental pain, anguish, pain and suffering, psychological trauma, Post Traumatic Stress Disorder, anxiety and emotional distress, (both intentional and negligent);

(e)    Serious physical injuries;

84

(f)   Psychological, emotional and economic damages which are direct and/or proximate consequences of the Defendants' actions, that are continuing to date, and, upon information and belief, will continue into the future;

(g)   Actual Damages;

(h)   Special Damages;

(i)   Consequential Damages;

(j)   Damages to Reputation/Character in amount of Ten Million Dollars ($10,000,000.00);

(k)   Punitive Damages in amount of One Hundred Fifty Million Dollars ($150,000,000.00); and

(l)   Compensatory Damages in amount of One Hundred Fifty Million Dollars ($150,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **ERICA NOONAN** requests the following relief jointly and severally as against all of the Defendants:

1.   Award compensatory, special, actual and consequential damages;

2.   Award punitive damages;

3.   Disbursements, costs and attorneys' fees; and

4.   For such other further relief to this Court may seem just and proper.

**ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED
OR HAVE OCCURRED.**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated:      Jamaica, New York
             June 4, 2014

Yours, etc.

JOANN SQUILLACE (JS 4217)
Drummond & Squillace, PLLC
Attorneys for Plaintiff
ERICA NOONAN
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050

86

## ATTORNEY'S VERIFICATION

JOANN SQUILLACE, An attorney duly admitted to practice before the Courts of the State of New York and before the Eastern and Southern Districts of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.   I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff Michele Alexander. I have read the annexed **SUMMONS, COMPLAINT AND JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.   This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
            June 4, 2014

JOANN SQUILLACE

87