UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ERICA NOONAN,

       Plaintiff,

  -v-                                       No. 14 CV 4084-LTS-JLC

NEW YORK CITY POLICE DEPARTMENT
OFFICER CARLOS BECKER, SHIELD
#25985, Individually and in his official
capacity as a New York City Police Officer
and "JOHN DOES", names being fictitious
intended to be New York City Police Officers,
individually and in their official capacities as
New York City Police Officers,

       Defendant.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       Plaintiff Erica Noonan ("Plaintiff") brings this action against Defendant Carlos Becker ("Defendant"), alleging deprivation of her civil rights, pursuant to 42 U.S.C. §§ 1983, 1986, the Eighth and Fourteenth Amendments to the United States Constitution, and the constitution and common laws of the State of New York. Plaintiff now moves, pursuant to Federal Rules of Civil Procedure 55, 55(a), and 55(b)(2), for a default judgment against Defendant as to each cause of action. Defendant has yet to appear or respond to the claims asserted in this action, despite being afforded ample time and opportunity to do so. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

       The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, Plaintiff's motion for default judgment is granted in part and denied in part.

BACKGROUND[1]

The following facts are alleged in the Complaint ("Compl.," Docket Entry No. 2). On March 11, 2013, Plaintiff was pulled over by Defendant, a New York City Police Department ("NYPD") officer, while driving in Bronx County, New York. (Compl. ¶ 16.) Defendant placed Plaintiff under arrest and, as he placed her into the patrol car, touched Plaintiff's breast, despite her objections. (Id. ¶ 18.) Defendant brought Plaintiff to the police precinct for booking and processing, where Defendant forced Plaintiff to keep the restroom door open and watched her while she used the facilities, and that, where he was processing her arrest, Becker commented inappropriately on her appearance, and video recorded her body, including her buttocks. (Id. ¶¶ 19-21.) Throughout booking and processing, Defendant told Plaintiff that he was willing to assist in resolving any charges that might be brought against her and that he was the "main person who can help her with her case." (Id. ¶ 20.) Defendant then noted the nature and location of her workplace and provided Plaintiff with his personal cell phone number. (Id. ¶ 22.) Plaintiff was subsequently arraigned and charged with driving while intoxicated. (Id. ¶ 26.) More than a year later, those criminal charges were dismissed and sealed. (Id. ¶ 79.)

While her criminal case was pending, Becker pressured Plaintiff to contact and meet with him, promising to help her with her case and implicitly threatening that he would harm her case if she did not comply with his requests. She engaged in a series of text message exchanges, with the Defendant. (Id. ¶¶ 28-29.) During these exchanges, Defendant expressed

---

[1] The facts recited herein are drawn from Plaintiff's Complaint ("Compl.", Docket Entry No. 2), and submissions in connection with this motion practice. In light of Defendant's failure to respond to the complaint, Plaintiff's well-pleaded factual allegations are deemed admitted. See Fed. R. Civ. P. 8(b)(6); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.").

an interest in meeting with Plaintiff. (Id. ¶¶ 28-30.) Plaintiff agreed to meet him on or about March 24, 2013, at a restaurant. (Id. ¶¶ 40-43.) Plaintiff and Defendant then went together to a bar, where Plaintiff began to feel "groggy, her eyes felt heavy and she began to go in and out of consciousness," after she consumed a drink, which had been ordered by Defendant. (Id. ¶¶ 45-47.) In that state, Plaintiff nonetheless had sufficient awareness "to realize that Defendant" placed her in his car, drove her to his home, and sexually assaulted her. (Id. ¶¶ 48-52.)

Plaintiff awoke in Defendant's bed on March 25, 2013, gasping for air, with a bruised and swollen eye. (Id. ¶ 53.) Once Plaintiff returned home, she reported the events to the police, but they were "not cooperative, understanding, and/or sympathetic" to her complaints once they understood that she was accusing a police officer of assaulting her. (Id. ¶¶ 58-59.) She then went to the hospital to report the incident and to be medically examined, after feeling "tightness and soreness in her vaginal area/region." (Id. ¶ 60.)

An examination of Plaintiff at the hospital revealed that there was "tearing and bruising by her thigh, a laceration across her left breast/chest, contusion to left eye, swelling and black and blue bruising to left eye, [ecchymosis] of left eye, left periorbital tissue swelling" and scratches to various parts of her body. (Id. ¶ 62.) NYPD police officers and Internal Affairs officers responded to Plaintiff's reports at the hospital, where Plaintiff again provided her account of what had occurred. (See id. ¶ 65.) A rape kit was tested and revealed that there was DNA matching Defendant's family line, as well as skin cells matching Defendant's family line, found in Plaintiff's underpants. (Id. ¶ 67.) Following an investigation, Defendant was indicted for "Official Misconduct," in violation of N.Y. Penal Law § 195.00, for video recording Plaintiff during the arrest processing. (Id. ¶¶ 68-69.) The misconduct charges were eventually dismissed, and Defendant was never charged in connection with the sexual assault. (Id. ¶¶ 73-74.)

Plaintiff commenced this action on June 6, 2014, by filing a complaint against the City of New York (the "City"), the NYPD, Carlos Becker, and various "John Does." (Docket Entry No. 2.) On June 26, 2015, the Court granted the motion of the City and NYPD ("City Defendants") to dismiss the Complaint for failure to state a claim as to those defendants upon which relief could be granted. (Docket Entry No. 26.) To date, Defendant has failed to appear, answer, or otherwise move or defend himself in this action. (Docket Entry No. 51.)

On January 18, 2017, the Clerk of Court issued a certificate of default against Defendant. (Docket Entry No. 51.) That same day, Plaintiff moved for default judgment. (Docket Entry No. 52.)

## DISCUSSION

Default Judgment Standard

In determining whether to grant a motion for default judgment, courts within this district first consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. National Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment). The Court finds that all three of the foregoing factors weigh in Plaintiff's favor.

First, the Defendant's failure to make an appearance and failure to respond to either Plaintiff's Complaint or her Motion for Default Judgment are indicative of willful conduct. See Indymac Bank, F.S.B., 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a compliant or motion for default judgment indicates willful conduct). With respect

to the second factor, because Defendant has failed to make any appearance, there is no information before the Court regarding any meritorious defense to Plaintiff's claims that Defendant may have. Finally, the Court finds that, in light of the considerable amount of time that has elapsed since Plaintiff filed the Complaint, Plaintiff will be prejudiced if she is denied the ability to seek judgment by default.

The Court must next determine whether Plaintiff has pleaded facts sufficient to establish Defendant's liability with respect to each cause of action. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability" except those relating to damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Without a response from [the defendant, a] court must first determine whether the allegations in Plaintiff's complaint are sufficiently pleaded to establish [the defendant's] liability." Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

Plaintiff asserts sixteen causes of action against this Defendant.

Plaintiff's Federal Claims

*First through Fifth Causes of Action*

Plaintiff asserts several claims against Defendant pursuant to 42 U.S.C. § 1983. These include claims of excessive force (Cause of Action One) (Compl. ¶¶ 102-05), wrongful arrest and malicious prosecution (Cause of Action Three) (id. ¶¶ 110-15), violations of Plaintiff's rights to freedom from cruel and unusual punishment under the Eighth Amendment to the federal constitution, and her rights to due process and equal protection under the Fourteenth Amendment

to the federal constitution (Causes of Action Two and Four[2]) (id. ¶¶ 106-09, 116-26), and conspiracy (Cause of Action Five) (id. ¶¶ 127-30).

The Court construes Plaintiff's wrongful arrest and malicious prosecution claims as asserting violations of the Fourth Amendment, as made applicable to the states through the Fourteenth Amendment. Section 1983 provides a civil action for deprivation of constitutional rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a valid claim under Section 1983, a plaintiff must show that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Plaintiff alleges throughout her complaint, and Becker is deemed to have admitted, that his actions against her were taken in his capacity as a New York City police officer and under cover of state law. The first element of the Section 1983 causes of action is therefore satisfied. Plaintiff's factual allegations are also sufficient to establish her claims of Fourth Amendment violations through false arrest and malicious prosecution. Plaintiff alleges that she was stopped and taken into custody without probable cause, held and prosecuted pursuant to false accusations made by Becker, forced to answer to false charges that were

---

[2] Count Four also asserts a claim of Plaintiff's right under the New York state Constitution to be free from cruel and unusual punishment.

pending for a year before the case was resolved in her favor through dismissal, and subjected to unwanted sexual touching, confinement in Becker's house and car, beating and rape while Becker was acting as a police officer and using that office to exercise influence over her and her pending case.

Plaintiff's excessive force, and explicit Eighth and Fourteenth Amendment claims, implicate conditions of confinement standards for pretrial detainees under the Fourteenth Amendment. The Cruel and Unusual Punishments clause of the Eighth Amendment does not apply to pre-trial detainees at all; claims of such detainees relating to conditions of confinement are evaluated under the Due Process Clause because, "'[p]retrial detainees have not been convicted of a crime and thus "may not be punished in any manner – neither cruelly nor unusually nor otherwise."'" Darnell v. Piniero, 849 F.3d 17, 29 (2d Cir. 2017). A pretrial detainee may establish a claim under Section 1983 by showing that the challenged conditions were "sufficiently serious to constitute objective deprivations of the right to due process" and that the officer acted intentionally or with at least deliberate indifference to the challenged conditions. Id.; see also id. at 35.

> There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.' . . . For example, . . . prisoners may not be deprived of their basic human needs – e.g., food, clothing, shelter, medical care and reasonable safety – and they may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health.'

Id. at 30 (citations omitted). Here, Plaintiff alleges that Defendant deliberately invaded her personal privacy by watching her use the toilet, and that he later intoxicated her in some way, held, transported, assaulted and had sex with her against her will, again deliberately and under color of his office as a member of the police department. The Court finds that these allegations,

which are deemed admitted, frame sufficient claims for deprivation of her Fourteenth Amendment rights as a pretrial detainee.

Accordingly, Plaintiff's motion for default judgment is granted as to her First through Fourth Causes of Action insofar as they are asserted pursuant to the federal constitution and Section 1983.

Plaintiff's Fifth Cause of Action, asserted pursuant to Section 1983, is for conspiracy. (Cause of Action Five, Compl. ¶¶ 127-30.) To sufficiently plead a cause of action for conspiracy in violation of Section 1983, Plaintiff must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff alleges that the individual Defendants "conspired with each other to undertake a course of conduct to intentionally and maliciously deny the Plaintiff her rights" but proffers no facts to establish such an agreement between Defendant and any other individual. Accordingly, Plaintiff does not sufficiently allege the elements necessary to establish conspiracy liability and, therefore, her motion for default judgment is denied as to the Fifth Cause of Action.

*Eighth Cause of Action*

Plaintiff asserts a claim of neglect and failure to prevent others from engaging in the actions against Plaintiff under 42 U.S.C. § 1986. (Compl. ¶¶ 152-56.)

Section 1986 creates a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so do to, if such wrongful act be committed." 42 U.S.C.S. § 1986

(LexisNexis 2009 & Supp. 2014). In determining whether liability is established under Section 1986, the Court first must look to whether a Section 1985 claim is properly set forth, because the existence of an unlawful conspiracy and subsequent commission of a "wrongful act," as described in Section 1985, are necessary conditions precedent to a Section 1986 action. See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999) ("[N]o § 1986 claim will lie where there is no valid § 1985 claim.") (citing Gagliardi v. Vill. of Pawling, 18 F.3d 188, 194 (2d Cir. 1994)). Section 1985 prohibits conspiracy for the purpose of depriving any person of the equal protection or privileges of the laws. See 42 U.S.C. § 1985.

As the Court noted in dismissing Plaintiff's claims against the City Defendants, because Plaintiff has failed to proffer facts sufficient to establish a claim for an underlying violation of Section 1985, her Section 1986 claim fails as well. See Noonan v. City of N.Y., No. 14 Civ. 4084 (LTS) (JLC), 2015 WL 3948836, at *6 (S.D.N.Y. June 26, 2015). That analysis also applies to Defendant Becker. Accordingly, Plaintiff's motion for default judgment is denied as to the Eighth Cause of Action and that Cause of Action will be dismissed for failure to state a claim upon which relief may be granted.

*Ninth Cause of Action*

Without citing any particular provision of law, Plaintiff alleges that Defendant "had opportunities to intercede on behalf of plaintiff to prevent the unreasonable and excessive, cruel and inhumane treatment" and Plaintiff's injuries from the time of her arrest through the dismissal of the charges against her. (Compl. ¶ 158.)

The Court has previously found that Plaintiff does not provide any indication of what the legal basis for this claim might be and dismissed this cause of action against the City Defendants. Noonan v. City of N.Y., 2015 WL 3948836, at *6 (S.D.N.Y. June 26, 2015). That

analysis also applies to Defendant Becker here. Furthermore, there is no logic in the claim that Becker is liable for failing to prevent himself from violating Plaintiff's rights. Accordingly, Plaintiff's motion for default judgment is denied as to the Ninth Cause of Action and that Cause of Action will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's State Claims

*Tenth, Eleventh and Fifteenth Cause of Action*

Plaintiff asserts multiple tort claims against Defendant, including claims for negligent conduct and intentional and/or negligent infliction of emotional distress. (Compl. ¶¶ 162-75, 176-86, 216-26.) The Tenth Cause of Action also asserts unelaborated due process, equal protection, excessive force and cruel and inhumane treatment claims under the New York State constitution.

All of these claims arise from the same basic set of facts and thus will be analyzed together. Because Plaintiff unequivocally alleges that all of Defendant's conduct was intentional, the Court focuses on the aspects of these claims that charge intentional infliction of emotional distress. Under New York law, to prove a claim of intentional infliction of emotional distress, a plaintiff must establish "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Bender v. City of N.Y., 78 F.3d 787, 790 (2d Cir. 1996). Plaintiff alleges Defendant intentionally placed Plaintiff in fear of her physical safety with the specific intent to inflict emotional distress on the Plaintiff, and caused her to suffer emotional distress. She also alleges extreme and outrageous conduct, including false arrest, prosecution on false charges, assault, sexual misconduct and rape, and that as a result she suffered psychological injuries including mental anguish, shock, pain and suffering, emotional distress, psychological trauma,

and Post-Traumatic Stress Disorder.  The facts alleged, which are deemed admitted, are sufficient to establish Defendant's liability.  Accordingly, Plaintiff's motion for default judgment is granted as to the Tenth, Eleventh, and Fifteenth Causes of Action insofar as they assert claims for intentional infliction of emotional distress.  They will be dismissed in all other respects as alternative remedies are available under Section 1983.

*Thirteenth and Nineteenth Cause of Action*

Plaintiff sets forth nearly identical claims in the Thirteenth and Nineteenth Causes of Action, alleging unreasonable conduct in violation of her rights pursuant to Article I, Section Twelve of the New York state Constitution.  (Compl. ¶¶ 201-06, 280-85.)

When a plaintiff has alternate remedies available at common law and under Section 1983, a state constitutional tort claim is considered redundant.  See Biswas v. City of N.Y., 973 F.Supp.2d 504, 522 (S.D.N.Y. 2013) (dismissing a constitutional tort claim for violation of Article One, Section Twelve of the New York State Constitution when plaintiff has a remedy at common law for false arrest and a Section 1983 claim based on the same set of facts).  Here, Plaintiff has framed a common law claim of false arrest (Cause of Action Seventeen, Comp. ¶ 257-64, discussed infra) and Section 1983 claims (Cause of Action One and Three, id. ¶¶ 102-05, 110-15).  Accordingly, Plaintiff's state constitutional tort claims are redundant.  Plaintiff's motion for default judgment is thus denied as to the Thirteenth and Nineteenth Causes of Action and those claims will be dismissed.

*Sixteenth Cause of Action*

Plaintiff asserts claims against Defendant for slander and libel in the Sixteenth Cause of Action.  (Id. ¶¶ 227-56.)

Under New York law, the elements of a cause of action for defamation are "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and

concerning' the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." Albert v. Loksen, 239 F.3d 256, 265–66 (2d Cir. 2001); see Restatement (Second) of Torts § 558 (1976).  "Individuals have a qualified privilege to speak on subjects in which they have 'an interest, or a legal, moral, or social duty to speak, [when] the communication [is] made to a person having a corresponding interest or duty." Kennedy v. City of N.Y., No. 12 Civ. 4166 (KPF), 2015 WL 6442237, at *13 (S.D.N.Y. Oct. 23, 2015) (quoting Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 169 (2d Cir. 2003)).  A plaintiff may overcome a qualified privilege by showing that the statement at issue was made with a high degree of awareness of its falsity.  Id.  Moreover, in New York, words that import criminal activity are per se defamatory. Campanella v. Cty. of Monroe, 853 F.Supp.2d 364, 371 (W.D.N.Y. 2012).

Plaintiff alleges that Defendant knowingly made and published written and verbal false, untrue, and defamatory statements about the Plaintiff to third parties, including the NYPD and Bronx County District Attorney's Office, about her character, reputation, and moral turpitude, including false allegations that Plaintiff operated a motor vehicle while intoxicated and at a high rate of speed and had a blood alcohol content registered at .227 of one percentum by weight.  Plaintiff further alleges that Defendant knew the written and verbal defamatory statements to be false and untrue at the time he made them, and that they would damage her reputation and cause her to be charged with a crime, face criminal prosecution, and potentially go to jail.  Plaintiff sufficiently alleges, and Defendant is deemed to have admitted, that Defendant's statements were made with awareness of their falsity and are, in fact, per se defamatory.  This showing overcomes Defendant's otherwise qualified privilege and establishing

liability. Accordingly, Plaintiff's motion for default judgment is granted as to the Sixteenth Cause of Action.

*Seventeenth Cause of Action*

Plaintiff asserts common law claims for assault, battery, and false imprisonment in her Seventeenth Cause of Action. (Compl. ¶¶ 257-64.)

"Under New York law, '[a]n assault is an intentional placing of another person in fear of imminent harmful or offensive contact. A battery is an intentional wrongful physical contact with another person without consent.'" Girden v. Sandals Int'l, 262 F.3d 195, 203 (2d Cir. 2001) (quoting United Nat'l Ins. Co v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993)). "[T]he tort of false arrest is synonymous with that of false imprisonment." Posr v. Doherty, 99 F.2d 91, 96 (2d Cir. 1991). "To state a claim for false arrest under New York law, a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Saving v. City of N.Y., 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).

As alleged, Plaintiff's facts sufficiently establish Defendant's liability for assault and battery, as she was placed in fear of imminent harmful or offensive contact, and was the target of Defendant's sexual misconduct, sexually assaulted and battered, harassed, and raped by Defendant. Additionally, Plaintiff sufficiently sets forth a claim for false arrest when she was stopped and taken into custody without probable cause, held and prosecuted pursuant to false accusations, and subject to confinement in Becker's house and car, while being sexually assaulted. Accordingly, Plaintiff's motion for default judgment is granted as to the Seventeenth Cause of Action.

*Eighteenth Cause of Action*

In addition to her intentional tort claims, Plaintiff alleges a breach of duty by the Defendant to ensure Plaintiff was free from unlawful assault, battery, sexual assault, sexual battery, rape, sexual misconduct, false imprisonment, false arrest, use of excessive force, and infliction of emotional distress. (Compl. ¶¶ 265-79.)

Within this circuit, courts have held that, under New York law, "when a plaintiff brings excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." Tatum v. City of N.Y., No. 06 Civ. 4290 (BSJ) (GWG), 2009 WL 124881, at *10 (S.D.N.Y. Jan. 20, 2009) (citation and internal quotation marks omitted) (finding that where plaintiff pled sufficient facts to support claims of assault and battery against the officer, plaintiff could not argue that the same facts would give rise to a claim that the officer breached her duty to protect him from assault). Here, as discussed above, Plaintiff alleged sufficient facts to establish Defendant's liability for intentional tort claims, and thus, a negligence claim arising from the same facts is redundant. Accordingly, Plaintiff's motion for default judgment is denied as to the Eighteenth Cause of Action.

*Twentieth Cause of Action*

In Plaintiff's final Cause of Action, she asserts that she is entitled to an award of punitive damages. (Compl. ¶¶ 286-91.)

Under New York law, an award of punitive damages is permitted when "the defendant's wrongdoing is not simply intentional but evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations." Tiffany and Co. v. Costco Wholesale Corp., 127 F. Supp. 3d 241, 261 (S.D.N.Y.

2015) (quoting Ross v. Louise Wise Servs. Inc., 868 N.E.2d 190, 196 (2007) (internal quotation marks and citations omitted). The Second Circuit recognizes that certain cases of personal torts, such as civil rights actions alleging misconduct by police officers against civilians to merit punitive damages. See Pepe v. Maklansky, 67 F. Supp. 2d 186, 187-88 (S.D.N.Y. 1999) (internal citations omitted).

Plaintiff's unchallenged factual allegations of deliberate and outrageous conduct by Defendant Becker, including false arrest, prosecution of false charges, sexual assault, battery and rape, are sufficient to imply a criminal indifference to civil obligations and support an award of punitive damages. Accordingly, Plaintiff's motion for default judgment is granted as to the Twentieth Cause of Action.

<u>CONCLUSION</u>

The Court grants Plaintiff's Motion for Default Judgment with respect to Causes of Action One through Four, Ten, Eleven, Fifteen, Sixteen, Seventeen, and Twenty. Plaintiff's request for default judgment is denied with respect to Causes of Action Five, Eight, Nine, Thirteen, Eighteen, and Nineteen, and those causes of action are hereby dismissed.

This case is hereby referred to Magistrate Judge Cott for an inquest into damages. Plaintiff's counsel is directed to contact Judge Cott's chambers promptly to make arrangements for inquest proceedings. This Memorandum Opinion and Order resolves Docket Entry No. 52.


SO ORDERED.

Dated: New York, New York
      August 23, 2017

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                United States District Judge